### *In re* CLANCY.

GUARDIAN AND WARD—CUSTODY OF INFANT.

An infant will not be taken from the custody of persons with whom it was placed upon being abandoned by its mother, and given into the custody of its guardian, where, notwithstanding the fact that the mother of the child had been declared an unfit person to have its custody, the guardian has left in her control an infant brother of the child, over whom he has the same rights of |guardianship, and where there are other indications that he does not make the petition in good faith, for the purpose of securing to himself the exclusive care, control, and education of the child.

*Habeas corpus* by William Clancy, Jr., against Arnold Sinon and wife, to obtain the custody of his ward, Marguerite M. Clancy.    Submitted January 28, 1896.    Denied February 26, 1896.

*Hawes & Luby*, for petitioner.

*Osborn, Mills & Master*, for respondents.

Per Curiam. This is a proceeding by the writ of *habeas corpus* to obtain possession of the person of Marguerite M. Clancy, a child between five and six years of age. The father is dead. The mother petitioned for the writ of *habeas corpus* before Judge Buck, of Kalamazoo county. Testimony was taken before him, and he determined that the mother was an unfit person to have the education, care, and custody of the child, and ordered the child to remain in the custody of Mr. and Mrs. Sinon. The mother then went to Washtenaw county, where she claims to have meanwhile obtained a residence, and filed a petition in the probate court to have William Clancy, Jr., the relator here, appointed guardian of her two children, and he was so appointed. He thereupon instituted this proceeding. This court made a reference to take proofs as to the good faith of the application, and whether Mr. Clancy was a suitable person to have the custody, education, and care of the children. In July last the child was virtually abandoned by its mother, and left with one Mrs. Mosher. The father soon afterwards applied to Mr. Merrill, the county agent, to find a suitable home for the girl. A temporary arrangement was made with Mrs. Mosher, who kept her four weeks. She then notified Mr. Merrill that she did not desire to keep her longer. He thereupon made arrangements with Mr. and Mrs. Sinon to take the child.

The mother would be the proper custodian of the child if she were a proper person. The circuit court of Kalamazoo county judicially determined that she is not, and in this conclusion we concur. We are not satisfied that this petition is made in good faith on the part of Mr. Clancy, and that he desires possession for the purpose of taking exclusive care, control, and education of the child. Her mother is living in Ann Arbor, where Mr. Clancy lives; and although he is entitled, under his letters of guardianship, to the same right of possession of the boy as of the girl, yet he has not taken it, and leaves him to the exclusive possession of his mother. That this child should be

placed under the proper influences is of the first consideration, and we see no legal obstacle to leaving her under the care of Mr. and Mrs. Sinon, rather than place her where she may be subjected to the influence of her mother, whom the court has found to be an unfit person.

The writ will therefore be denied, and the child remanded to the possession of respondents.