*In re* SOLOSTH.

HABEAS CORPUS—CUSTODY OF INFANT.

 The custody of a daughter 7 years old, who had been left
   by her father in the care of proper persons, under an arrange-
   ment that she should so remain until she was 15 years of
   age, is rightfully awarded to them, in the absence of a satis-
   factory showing as to the suitability of the new home offered
   by the father.

Certiorari to Kent; Perkins, J. Submitted April 27,
1909. ( Calendar No. 23,346.) Decided June 7, 1909.

Habeas corpus proceedings by Karl L. Solosth against
Gunder Lien and Anna Lien for the custody of peti-
tioner's infant daughter. There was an order denying
the writ, and petitioner brings certiorari. Affirmed.

*Louis T. Herman,* for petitioner.

*G. A. Wolf,* for respondents.

OSTRANDER, J. The following facts appear to be un-
disputed: The infant, Ella Solosth, was 7 years old Jan-
uary 8, 1909. Her mother died when she was about three
months old. Respondents were friends of the family, and
to them, shortly before the mother died, her husband, the
petitioner, took the child. Petitioner was a man of no
means, and had supported himself and his family by do-
ing odd jobs requiring manual labor. He did not propose
to continue to maintain a home, and did wish to find some-
one who would take the custody of and rear the child.
He conferred with respondents, who were willing to keep
the child if an arrangement for her continued custody,
could be made. A parol arrangement was made, by the
terms of which the child was to remain in their custody,
and be reared by them, until she was 15 years of age.
Of this arrangement respondents in their answer say:

"That the mother of said minor child died in her infancy, and an agreement was made between her father, the petitioner, and these respondents that they were to have the care and custody of said child until she should be 15 or 16 years of age, and able to take care of herself; that under said agreement the petitioner paid something toward the care of said child, in all, however, only about $75; that the care and custody of said child was worth about $2.50 per week, although the money they are entitled to claim, if they see fit on account of said agreement, is not the consideration which prompts them in insisting that they are entitled to retain the custody of the child."

Later, petitioner went to Minneapolis, Minn., and from there to Spokane, Wash., where he is now living, and, having remarried, is maintaining a home. Two years and more ago he came to Michigan to see, and did see, her. Having remarried, he desired the custody of his daughter, and inquired of respondents the amount he should pay them for her maintenance. He has tendered them nothing. The child has a good home; is well and kindly cared for. Respondents contended:

(1) That they are entitled to the custody of the child because of the arrangement made with the father.
(2) That the best interests of the child demand that she remain with them.

The testimony produced at the hearing has been returned to this court. The plaintiff in certiorari assigns errors as follows:

"(1) Because the court in its decision did not specifically find that this deponent ever contracted to relinquish his parental right to the custody of the said child.

"(2) Because there was a contract for service as shown by the pleadings.

"(3) Because this deponent is not estopped by any words or acts of his from asserting his rights as the natural guardian of the said child.

"(4) Because the court erred in deciding the case solely on the ground of the welfare of the child, when the pleadings and evidence taken on that point were based solely

upon information and belief, which could not outweigh the presumption of a good home in favor of the father.

"(5) Because there was no competent evidence introduced in the case to show that the father was not able to care for the child, nor that the father was not a fit person to have the care and custody of the said child, as will be shown by a transcript of the evidence taken at the trial."

We have read the testimony. It is not necessary to discuss the errors assigned. There was before the court, without objection from petitioner—indeed, by his express consent—matter which warranted the expression, in the opinion filed:

"I am not clear as to the suitableness or the permanency of the new home to which it is proposed to take her."

We find no error. The order is affirmed.

MONTGOMERY, HOOKER, MOORE, and BROOKE, JJ., concurred.