*In re* GREENMAN.

GREENMAN *v.* DIXON.

1. INFANTS—EPILEPTICS — COMMITMENT TO HOME — NOTICE — PROBATE COURTS—JURISDICTION—STATUTES.

The order and commitment of a child to the Michigan Farm Colony for Epileptics, established under 1 Comp. Laws 1915, §§ 1579-1619, by the probate court without giving the child at least three days' notice of the hearing as required by 1 Comp. Laws 1915, § 1601, are void.

2. SAME—COMPLIANCE WITH STATUTE.

Since the probate court derives its jurisdiction from the statute, to obtain jurisdiction its provisions must be strictly complied with.

On necessity and sufficiency of notice of lunacy proceeding to the alleged lunatic, see notes in 23 L. R. A. 737; 26 L. R. A. (N. S.) 232.

3. SAME—INSANE PERSONS—SUPREME COURT—COMMON-LAW JURIS-
DICTION.

The Supreme Court's common-law jurisdiction over infants,
idiots, and insane persons does not empower it to commit
a child to the Farm Colony for Epileptics, on determina-
tion that the commitment by the probate court is void
for insufficient notice of hearing, since the child may be
committed only upon the finding and determination that
she is an epileptic and such finding and determination are
originally for the probate court, under 1 Comp. Laws 1915,
§§ 1601, 1613.

4. SAME—DELINQUENT CHILD—AUTHORITY OF PROBATE COURT.

Where the child was a ward of the probate court as a de-
linquent under the provisions of 1 Comp. Laws 1915,
§ 2015, at the time of making the void order of commit-
ment to the Farm Colony for Epileptics, the authority of
the court was not terminated by said void order.

Habeas corpus proceedings by Esther Greenman
against Robert L. Dixon, medical superintendent of
the Michigan Farm Colony for Epileptics, to obtain
the custody of Lura Greenman, and certiorari to re-
view such proceedings before Clark E. Higbee, pro-
bate judge of Kent county. Submitted October 20,
1920. (Calendar No. 29,408.) Proceedings vacated
December 21, 1920.

*Shelby B. Schurtz,* for plaintiff.

*Alex. J. Groesbeck,* Attorney General, and *Clare Re-
tan,* Assistant Attorney General, for defendants.

CLARK, J. This is a habeas corpus proceeding to
test the detention in the Michigan Farm Colony for
Epileptics of Lura Greenman, 15 years of age, plain-
tiff's child. The writ is directed to Robert L. Dixon,
medical superintendent of the institution, which was
established under chapter 56, 1 Comp. Laws 1915, for
the treatment of epileptic persons as distinguished
from persons idiotic or insane. The writ was accom-

panied by a writ of certiorari to Hon. Clark E. Higbee, judge of probate of Kent county, to review the proceedings in the probate court of that county resulting in the detention of the child in the institution. The return of the medical superintendent states that the child is held by virtue of an order and commitment of said court. The return of the judge of probate shows that the order and commitment are void for the following reasons. A petition for the admission of the child to the institution being filed, section 1601, 1 Comp. Laws 1915, provides that:

"Upon filing of such petition with the court, the court shall fix a day of hearing and shall give notice thereof to the person alleged to be epileptic and to his next of kin if they are within the county; to his guardian, if he has one; to the person in whose custody he is at the time of making the petition and to the prosecuting attorney of the county. Such notice shall be served not less than three full days before the time of hearing upon the persons to whom notice is directed." * * *

The petition was filed on March 29, 1920. An order was made on that day fixing the day of hearing for March 31st, and directing that personal service of a copy of the order be made on the child at least 24 hours previous to the time of hearing. The service of the notice on the child was insufficient as to time. That there was a compliance with the other requirements of the. statute as to notice of the hearing is not shown, nor does it appear that any of those to whom the statute requires notice shall be given attended at the hearing.

The probate court derives its jurisdiction from the statute. To obtain jurisdiction in this case, therefore, the provisions of the statute should have been strictly pursued. See *North* v. *Joslin,* 59 Mich. 624; *Grady* v. *Hughes,* 64 Mich. 540; *In re Phillips,* 158 Mich. 155; *In re Miller's Estate,* 173 Mich. 467; *In re*

*Allen,* 26 L. R. A. (N. S.) 232 (82 Vt. 365, 73 Atl. 1078) ; 15 C. J. p. 802.

The right of the plaintiff to sue out the writ is not questioned. See *In re Mould,* 162 Mich. 7. But, though the order and commitment are void, counsel contend that this court, under its common-law jurisdiction over infants, idiots and insane persons, may act with reference to the question from its own conscience for the best interests of the child, following the rule that the placing of a child under proper influence and care is of the first consideration, and this regardless of the irregularity of the committal, citing *In re Gould,* 174 Mich. 663; *In re Clancy,* 108 Mich. 427; *In re Solosth,* 157 Mich. 224; *Martin* v. *Benzie Circuit Judge,* 200 Mich. 549; *In re LaCroix,* 160 Mich. 531; *State* v. *Kilvington,* 100 Tenn. 227 (45 S. W. 433, 41 L. R. A. 284) ; *New York Foundling Hospital* v. *Gatti,* 203 U. S. 429 (27 Sup. Ct. 53) ; *In re Hickey,* 85 Kan. 556 (118 Pac. 56, 41 L. R. A. [N. S.] 564).

The rule stated and authorities cited by counsel are not controlling in this case. Lura Greenman may be committed to the institution and there detained only in the event that she shall be found to be an epileptic, and that it shall be determined that it is necessary and for her best interest that she be committed thereto. Such finding and determination in this case are originally for the probate court of Kent county. See sections 1601 and 1613, 1 Comp. Laws 1915; *In re Allen, supra; In re Dagley,* 44 L. R. A. (N. S.) 389 (35 Okla. 180, 128 Pac. 699). Lura Greenman will, therefore, be discharged from such confinement in the institution on said order. All proceedings in the probate court in the cause, subsequent to the filing of the petition for the admission of the child to said institution, are set aside.

At the time of the filing of said petition and the

making of said void and invalid order and commitment Lura Greenman was a ward of said probate court as a delinquent child by virtue of proceedings under the provision of section 2015, 1 Comp. Laws 1915. We are not advised that the authority of the probate court over the child under said proceedings has been terminated. It was not terminated by the void order and commitment aforesaid. So the discharge, as ordered, will be without prejudice or hindrance to any right or authority which the said probate court may have over said child under said statute and proceedings. No costs will be awarded.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.