*In re* PETITION OF MARTIN.

1. Insane Persons—Probate Court—Temporary Commitment.
    On hearing of petition to inquire into sanity of alleged insane person, probate court had authority to order temporary commitment for observation, on petition of counsel.

2. Same—Proceedings Statutory.
    Probate court has no power to act in insanity proceedings except as authorized by statute.

3. SAME—HEARING WITHOUT NOTICE VIOLATES STATUTE.
   Where preliminary hearing in insanity proceedings was continued to time not to exceed 35 days, hearing before that time, in absence of alleged insane person or his counsel, and without notice to either of them, was in violation of statute, and therefore final order of commitment was void.

4. HABEAS CORPUS—DENIAL OF CHANGE OF VENUE—INSANE PERSONS.
   On *habeas corpus* proceedings to inquire into validity of order committing plaintiff to hospital for insane, court will not inquire into denial of application for change of venue in insanity proceedings, since said denial did not affect validity of said order.

*Habeas corpus* proceedings by Charles Martin directed to Dr. Edmund A. Christian, Superintendent of Michigan Hospital for the Insane at Pontiac, commanding him to show cause for the detention of plaintiff. A writ of certiorari ancillary to the writ of *habeas corpus* was issued to the probate judge to bring up the record of the proceedings on which the order of commitment was based. Submitted October 8, 1929. (Calendar No. 34,635.) Plaintiff discharged December 3, 1929.

Certiorari to Oakland; Sample (George W.), J., presiding. Submitted October 8, 1929. (Calendar No. 34,638.) Writ dismissed December 3, 1929.

Mandamus proceedings by Charles Martin to compel Dan A. McGaffey, Oakland probate judge, to grant change of venue in insanity proceedings. From an order denying the writ, plaintiff brings certiorari. Dismissed.

*John R. Rood* (*George B. Hartrick,* of counsel), for plaintiff.

*Wilber M. Brucker,* Attorney General, *Charles Rubiner,* Assistant Attorney General, and *Norman C. Orr,* Prosecuting Attorney, for defendants.

McDONALD, J. On petition of Charles Martin, a writ of *habeas corpus* was issued by this court directed to Dr. Edmund A. Christian, superintendent of the Michigan hospital for the insane at Pontiac, and commanding him to show cause for the detention of the petitioner in that institution. Dr. Christian returned that Mr. Martin was insane and that he was being detained by virtue of an order and commitment of Dan A. McGaffey, judge of probate, of Oakland county, Michigan. Ancillary to the writ of *habeas corpus,* a writ of certiorari was issued to the probate judge to bring up the records and files of the proceedings on which the order of commitment was based. His return is before us. It has not been traversed, and therefore its material facts will be taken as true. The order of commitment is fair and valid on its face. The single question for our determination is whether the probate court had jurisdiction to make it.

A brief reference to the facts is necessary. They are as follows: A petition was filed in the probate court for Oakland county, Michigan, representing that Charles Martin was insane and asking for a hearing on the matters alleged in the petition. The hearing was set for July 1, 1929. Mr. Martin appeared by his counsel, John R. Rood, and filed a petition asking for a change of venue and that in the meantime he be temporarily committed to the psychopathic ward of the Michigan State university hospital at Ann Arbor for observation in order that he might have disinterested medical opinions for use in his defense on the hearing. Over Mr. Rood's protest, the court confined the hearing on July 1 to the question of Mr. Martin's temporary commitment. Mr. Rood then asked permission to withdraw his petition. The request was refused and the hearing was had, with the result that a temporary

commitment for observation was ordered in accordance with the prayer of Mr. Martin's petition. There is no question as to the authority of the court to make this order. The objections urged against its validity are as to errors of irregularity with which we are not here concerned. However, it is only important as a part of the history of the proceedings and because of its connection with the subsequent commitment. This order, which is dated July 1, 1929, recites that further hearing will "be continued for a period not to exceed 35 days." That time was the limit fixed for his temporary commitment. Whether the continuance be considered as for an indefinite time or for 35 days does not matter, for on July 23d, before the 35 days had elapsed, in the absence of the petitioner or his counsel, and without notice to either of them, the court conducted a hearing, adjudged Mr. Martin to be insane, and made the final order of commitment, the order relied on as cause for his detention.

This order is void. It is based on proceedings which were not conducted in compliance with the statute. The legislature has provided a procedure for such cases, which must be strictly followed as a prerequisite to jurisdiction. The probate court has no power to act except as authorized by statute. *In re Greenman,* 212 Mich. 687.

When the preliminary hearing was continued to a time "not to exceed 35 days," the court had no authority to take it up before that time without notice to Mr. Martin or his counsel. *In re Phillips,* 158 Mich. 155. The statute makes adequate provision for notice and for the presence of the alleged insane person at the hearing unless his condition is such that his appearance there would be "improper and unsafe." The only hearing that Mr. Martin was allowed to attend was the preliminary investiga-

tion to determine if he should be temporarily committed for observation. He was not present at the subsequent hearing, was not represented by his counsel, and had no notice of the proceedings. Because he was denied a hearing, the order of commitment is void. The petitioner is discharged. No costs are allowed.

The writ of certiorari directed to circuit judge Sample brings up mandamus proceedings relative to the denial of the petition for a change of venue. This writ ought not to have issued. The denial of the application for a change of venue does not affect the validity of the order for commitment, and will not be inquired into on *habeas corpus*. The writ is dismissed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.