*In re* MYRTLE DAVIS.

1. INSANE PERSONS—PROCEEDINGS FOR ADJUDICATION—STATUTES.
   Proceedings taken for an adjudication of insanity against an individual should show strict compliance with all the statutory requirements provided (2 Comp. Laws 1929, § 6888).

2. SAME—PRESUMPTIONS—BURDEN OF PROOF.
   All persons are presumed to be sane and the burden of proving insanity rests on the challenging party.

3. EVIDENCE—OPINION—INSANE PERSONS.
   In proceedings to adjudicate a divorced woman insane, testimony of Federal probation officer that she was insane without any showing as to basis for such an opinion *held,* inadmissible as being nothing more than an opinion (2 Comp. Laws 1929, § 6888).

4. INSANE PERSONS—INVESTIGATION—EVIDENCE.
   In proceedings to adjudicate a divorced woman insane, where sole testimony of insanity was unsupported opinion of Federal probation officer and two physicians' certificates and record on *habeas corpus* with accompanying certiorari fails to show probate court made investigation required by statute, proceedings *held,* a nullity and woman not subject to detention thereby (2 Comp. Laws 1929, § 6888).

*Habeas corpus* proceeding by Myrtle Davis, with accompanying certiorari to Edward Command, Wayne probate judge, to obtain release from Eloise hospital. Submitted June 17, 1936. Calendar No. 39,007.) Writ granted September 2, 1936.

*LeRoy B. McInally* and *McLeod, Fixel & Fixel,* for petitioner.

*Wm. M. Sempliner,* for Wayne probate judge.

SHARPE, J.   On July 31, 1935, Myrtle Davis, a divorced woman 36 years of age, was confined in the Wayne county jail and on the same day Minnie Babcock, her sister, filed a petition in the probate court of Wayne county to have Myrtle Davis admitted to an insane asylum. Following the filing of this petition, an order was entered appointing A. C. LaBine and James M. Stanton, physicians, to examine said Myrtle Davis. A citation was also issued by the

probate court to Myrtle Davis, Amanda Santag, her mother, Eugene Podschlne, her brother, Emma Todd, her sister, and to Henry Behrendt, sheriff of Wayne county, citing them to appear at the probate court on August 28, 1935, at 10 a. m. and show cause why the prayer in said petition should not be granted. Service of said citation was made upon all of the mentioned parties except Emma Todd who at that time was living in Glendale, California.

August 28, 1935, the certificates of both physicians were filed and each physician stated in his certificate that Myrtle Davis was an insane person. On the same day some testimony was taken and the witness Wallace Hoffman, a Federal probation officer, testified that Myrtle Davis was an insane person. The probate court thereupon entered an order adjudging said Myrtle Davis insane and committing her to the Ypsilanti State Hospital or Eloise Hospital as a public patient.

The present action is a petition for a writ of *habeas corpus* in which the petitioner alleges that the detention of Myrtle Davis is illegal in that no service was made upon Emma Todd a personal relative named in the citation; that no proofs were taken concerning the claimed insanity of Myrtle Davis; and that the said Myrtle Davis was denied the right to be present at the hearing on the application to have her adjudged insane.

In *Re Phillips,* 158 Mich. 155, we said:

"Proceedings taken for an adjudication of insanity against an individual should require the strictest compliance with all the statutory requirements provided. The determination affects the rights of the individual to the enjoyment of life, liberty, and property. Courts will ever protect the rights of the individual who is so unfortunate as to

be called upon to make a showing to maintain his or her mental integrity. * * *

"All persons are presumed to be sane, and in every proceeding the burden of proving insanity rests upon the one challenging the sanity of the individual. It is always a question to be tried out in the proceeding then pending where it was raised."

See, also, *In re Greenman,* 212 Mich. 687; *In re Petition* of *Martin,* 248 Mich. 512; *Stevens* v. *Stevens,* 266 Mich. 446; *In re Joseph Nowack,* 274 Mich. 544.

Although the affidavits of the two physicians state that Myrtle Davis is mentally diseased, yet there is no showing that the judge conducted an inquest as provided by law, 2 Comp. Laws 1929, § 6888. This section provides that, "the court shall also institute an inquest, and take proofs, as to the alleged insanity, feeble-mindedness, epilepsy or mental disease of such person, and fully investigate the facts before making such order."

The only testimony relative to the insanity of Myrtle Davis was given by the witness Wallace Hoffman, a Federal probation officer, and was as follows:

"*Q.* What is the matter with her (Myrtle Davis)?

"*A.* Insane."

In our opinion this testimony was inadmissible; it was nothing more than an opinion, nothing was shown by the witness upon which such an opinion could be based.

In the case of *Paul* v. *Clements,* 176 Mich. 251, we said, quoting from Buswell on Insanity (1st Ed.), § 241:

"To lay a foundation for the admission in evidence of such opinions, the specific facts upon which

the opinions are based must first be stated by the witness, or his testimony must show that such intimate and close relations have existed between the party alleged to be insane and himself as fairly to lead to the conclusion that his opinions will be justified by his opportunities for observing the party. But the mere 'impressions' of one who has had only a passing acquaintance with the party are inadmissible as evidence.''

No other proofs were taken as to the alleged insanity of Myrtle Davis and the record is silent of any investigation being made by the court in compliance with the statute above quoted.

The proceedings were a nullity and Myrtle Davis may not be detained by virtue of them.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., did not sit.