5. SAME—JURISDICTION—COLLATERAL ATTACK.
   Jurisdictional defects which appear upon the face of insanity proceedings may be raised at any time between the parties, even in a collateral proceeding, when the rights of third persons are not concerned (2 Comp. Laws 1929, § 6888).

6. SAME—NATURE OF PROCEEDING—ADMISSIONS.
   The proceeding leading to an adjudication of insanity is not an adversary proceeding but is one in the interest of the public to protect deficient citizens; hence no act or admission by the respondent can prejudice an adverse party (2 Comp. Laws 1929, § 6888).

7. SAME—LAY OPINIONS AS EVIDENCE.
   To lay a foundation for the admission in evidence of opinions of a lay person as to the insanity of another, the specific facts upon which the opinions are based must first be stated by the witness or his testimony must show that such intimate and

close relations have existed between the party alleged to be insane and himself as fairly to lead to the conclusion that his opinions will be justified by his opportunities for observing the party and the mere impression of one who has had only a passing acquaintance with the party is inadmissible as evidence.

8. SAME—HABEAS CORPUS—EVIDENCE—INVESTIGATION.

Confinement of subject of investigation in insanity proceeding was unauthorized where only testimony at proceeding was that of a person connected with the welfare department that subject was insane and record does not show any other investigation, notwithstanding alleged admissions by the subject to physicians of excessive sexual practices and having a record as an habitual sex offender and release was not sought by *habeas corpus* until five years after commitment (2 Comp. Laws 1929, § 6888).

*Habeas corpus* proceedings by John Ryan with accompanying certiorari to Patrick H. O'Brien, Wayne County Judge of Probate, and Dr. Thomas K. Gruber, Superintendent of Eloise Hospital, to obtain release from Eloise Hospital. Submitted October 18, 1939. (Calendar No. 40,730.) Writ granted December 20, 1939.

*Julius E. Allen,* for petitioner.

*Duncan C. McCrea,* Prosecuting Attorney, and *Russell C. Duncan,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. On June 22, 1934, John Ryan, age 34, was confined at the Dearborn police department, and on the same day a petition for his admission to an insane asylum was filed in the probate court of Wayne county by Charles W. Slamer, police inspector for the city of Dearborn. Upon the filing of said petition, an order was entered appointing Martin H. Hoffmann and Carl Ratigan physicians to examine the said John Ryan. Certificates were filed by the said physicians July 11, 1934, certifying that said John Ryan was insane.

Citations were issued by the probate court to John Ryan, John Ryan, Sr., Mary Ryan, and the chief of police of Dearborn citing them to appear at the office of the probate court on the 11th day of July, 1934. On the day set for hearing, John Ryan was not present owing to the fact that he was confined to the jail serving a 30-day sentence. John Ryan, Sr., and Mary Ryan, father and mother of John Ryan, were present. The only testimony offered was given by Frances A. Betternus, who testified as follows:

"*Q.* What is your name?
"*A.* Frances A. Betternus.
"*Q.* Connected with whom?
"*A.* Department of welfare.
"*Q.* You know John Ryan?
"*A.* Yes, I do know him.
"*Q.* He is about how old?
"*A.* 34.
"*Q.* Single?
"*A.* Yes.
"*Q.* What is the matter with him?
"*A.* He is insane.
"*Q.* Where do you wish the court to send him?
"*A.* Either Eloise or Ypsilanti."

On July 11, 1934, the said John Ryan was committed to Eloise Hospital where he has been confined ever since. The present action is a petition for a writ of *habeas corpus* in which the petitioner alleges that the detention of John Ryan is illegal in that there was a failure of proof of insanity at the hearing as is required by 2 Comp. Laws 1929, § 6888 (Stat. Ann. § 14.811), and that John Ryan was denied the right to be present at the hearing as is required by the above section of the statute.

It is the claim of the people that John Ryan having admitted "excessive practices" sexually to the physicians and having a record as an habitual sex

violator, there was sufficient information before the court to justify John Ryan's commitment without the necessity of a lengthy inquisition and, after having made no attempt to question the legality of the commitment since 1934, it is now too late to question the court's jurisdiction.

*In re Phillips,* 158 Mich. 155, we said:

"Proceedings taken for an adjudication of insanity against an individual should require the strictest compliance with all the statutory requirements provided. The determination affects the rights of the individual to the enjoyment of life, liberty, and property. Courts will ever protect the rights of the individual who is so unfortunate as to be called upon to make a showing to maintain his or her mental integrity. * * *

"An admission of insanity can never fix the status of unsound mind in the person making the admission. The law prescribes the only way a determination of insanity may be declared. * * *

"All persons are presumed to be sane, and in every proceeding the burden of proving insanity rests upon the one challenging the sanity of the individual. It is always a question to be tried out in the proceeding then pending where it was raised. * * * jurisdictional defects which appear upon the face of proceedings may be raised at any time between the parties, even in a collateral proceeding, when the rights of innocent third persons are not concerned. * * *

"The proceeding leading to an adjudication of insanity is not an adversary proceeding. It is a proceeding in the interest of the public to protect deficient citizens. It is therefore not a proceeding where any act or admission of respondent could prejudice an adverse party."

Section 6888, 2 Comp. Laws 1929 (Stat. Ann. § 14.811), provides that:

"The court shall also institute an inquest, and take proofs, as to the alleged insanity, feeble-mindedness, epilepsy or mental disease of such person, and fully investigate the facts before making such order, and, if no jury is required, the probate judge shall determine the question of such alleged mental disease of such person."

The record shows that the only proofs taken as to the alleged insanity of John Ryan were given by Frances A. Betternus. The record is silent as to any other investigation made.

In the case of *Paul* v. *Clements,* 176 Mich. 251, we said, quoting from Buswell on Insanity (1st Ed.), p. 254, § 241:

"To lay a foundation for the admission in evidence of such opinions, the specific facts upon which the opinions are based must first be stated by the witness, or his testimony must show that such intimate and close relations have existed between the party alleged to be insane and himself as fairly to lead to the conclusion that his opinions will be justified by his opportunities for observing the party. But the mere 'impressions' of one who has had only a passing acquaintance with the party are inadmissible as evidence."

The facts in the instant case insofar as they relate to the "inquest" to be conducted by the probate judge are so similar to the inquest conducted in the case of *In re Myrtle Davis,* 277 Mich. 88, that decision in that case is controlling in the case at bar.

The proceedings in the probate court were fatally defective and petitioner is discharged.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.