*In re* GORDON.

INSANE PERSONS—COMMITMENT TO HOSPITAL—HEARING—EVIDENCE.
   Hearing at which alleged insane person was not present and
   at which sole testimony in support of detention was that
   of one social worker who stated that her records showed
   that such person was in need of hospital treatment in a
   mental hospital *held*, insufficient to support commitment to
   hospital for insane, where petition for detention was opposed
   by 18-year-old son of woman sought to be detained (2 Comp.
   Laws 1929, § 6888; Act No. 151, § 9b, Pub. Acts 1923, as
   added by Act No. 104, Pub. Acts 1937.

Petition by Walter R. Kingsley for writ of habeas
corpus directed to P. C. Robertson, medical super-
intendent of Ionia State hospital, to inquire into
the detention of Emma Gordon.  Writ of habeas
corpus and ancillary writ of certiorari granted.
Submitted March 17, 1942.  (Calendar No. 41,896.)
Petitioner released April 6, 1942.

*Ralph S. Moore,* for petitioner.

*Herbert J. Rushton,* Attorney General, and *Ed-
mund E. Shepherd,* Solicitor General, for the peo-
ple.

BOYLES, J.  We granted petitioner the writ of
habeas corpus to inquire into the cause of her de-
tention in the Ionia State hospital.  Ancillary writ
of certiorari was directed to the probate court for
Wayne county to certify to this court its records
and proceedings leading to the detention.  The
records, in compliance with the writ, are before us.
It appears that petitioner was committed to the
Wayne county hospital at Eloise, Michigan, by the

probate court for Wayne county on August 14, 1936, as an insane person, and on or about June 11, 1938, was transferred to the Ionia State hospital under the provisions of Act No. 151, § 9b, Pub. Acts 1923, as added by Act No. 104, Pub. Acts 1937 * (Stat. Ann. 1941 Cum. Supp. § 14.809 [2]).

At the time of the hearing on the petition for commitment by the probate court for Wayne county on August 14, 1936, petitioner was a patient in the Detroit receiving hospital and was not present at the hearing. The petition was filed by a peace officer of Detroit and it is claimed that Emma Gordon, alias Mary McCoy, was then detained by force in the receiving hospital. The only relative appearing for the alleged insane person was an 18-year-old son who was her only means of support. When asked by the court if he had any objection to the commitment, he answered "Yes * * * it will break up our home." The only proof taken at the hearing as to the alleged insanity consists of the testimony of one Mae Hollenbeck, a social worker at the receiving hospital. On this point, the testimony is limited to the following question and answer:

"*Q.* What do your records show relative to the facts on the petition for commitment and hospitalization of Emma Gordon alias Mary McCoy?

"*A.* That she is in need of hospital treatment in a mental hospital."

The statute (2 Comp. Laws 1929, § 6888 [Stat. Ann. § 14.811]) requires:

"The court shall also institute an inquest, and take proofs, as to the alleged insanity, feeble-mindedness, epilepsy or mental disease of such person."

---

* Amended by Act No. 142, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6886–2).—Reporter.

(The subsequent amendment to this statute contains the same requirement [Act No. 299, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 6888, Stat. Ann. 1941 Cum. Supp. § 14.811)].)

Obviously this testimony has no probative value. Conceding its admissibility, it entirely fails to meet the statutory requirement that the court shall institute an inquest and take proofs as to the alleged insanity. At most, it is merely an opinion or conclusion. See *In re Myrtle Davis*, 277 Mich. 88; *In re Ryan*, 291 Mich. 673. The hearing was fatally defective, it did not comply with the statute, the commitment was unauthorized and void. The attorney general and the prosecuting attorney concede that petitioner is entitled to release. An order may be entered to that effect.

Chandler, C. J., and North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred. Wiest, J., did not sit.