## *In re* MILLER.

1. INSANE PERSONS—FEEBLE-MINDED PERSONS—INQUEST—EVIDENCE.
   Order of commitment of person to an institution as a feebleminded person based solely on certificates of doctors who had examined him was a nullity as there was a failure of compliance with statutes requiring the institution of an inquest, the taking of proofs, and a full investigation of the facts (2 Comp. Laws 1929, § 6888, as amended by Act No. 104, Pub. Acts 1937).

2. SAME—SUBSEQUENT ORDER—EXTENSION OF TIME.

  Where original order of commitment to an institution as a
    feeble-minded person was a nullity, any subsequent order,
    based thereon and extending time within which to effect
    commitment, would also be a nullity (2 Comp. Laws 1929,
    §§ 6888, 6891, as amended by Act No. 104, Pub. Acts 1937).

Habeas corpus proceeding by Wayne Bruce Miller
with accompanying certiorari to John McClellan,
Ingham Probate Judge, to obtain release from
Lapeer State Home & Training School. Submitted
August 28, 1942. (Calendar No. 42,048.) Petitioner
released, September 9, 1942.

*Roy T. Conley,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Daniel J.
O'Hara,* Assistant Attorney General, and *Victor C.
Anderson,* Prosecuting Attorney, for defendant.

BUSHNELL, J. We issued a writ of habeas corpus
to inquire into the cause of petitioner's detention in
the Lapeer State Home & Training School. By an-
cillary writ of certiorari we have the record of the
proceedings in the probate court of Ingham county
which resulted in the commitment. The record
shows that the petitioner was adjudged a feeble-
minded person solely on the certificates of the doc-
tors who examined him and that no other proofs
were taken.

The statute (2 Comp. Laws 1929, § 6888, as
amended by Act No. 104, Pub. Acts 1937 [Comp.
Laws Supp. 1940, § 6888, Stat. Ann. 1940 Cum. Supp.
§ 14.811]) requires the institution of an inquest, the
taking of proofs and a full investigation of the facts.
This was not done and the original order of com-
mitment is a nullity. *In re Myrtle Davis,* 277 Mich.
88. See, also, *In re Ryan,* 291 Mich. 673, and *In re
Gordon,* 301 Mich. 224.

The probate judge in the instant case entered a second order on January 3, 1940, reading:

"This order is made for the purpose of extending the original order of commitment made January 3, 1939, for a further period of one year or until January 3, 1941, in accordance with Act No. 31, § 14, Pub. Acts 1937."*

On January 3, 1941, and on January 3, 1942, similar orders were entered and petitioner was admitted to the institution at Lapeer on January 13, 1942.

Act No. 31, Pub. Acts 1937,* cited in the order of the probate court, has to do with garnishment proceedings. The correct citation is Act No. 104, Pub. Acts 1937. 2 Comp. Laws 1929, § 6891, as amended by Act No. 104, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 6891, Stat. Ann. 1941 Cum. Supp. § 14.814), reads in part:

"Provided further, That no person shall be admitted to any such institution under such order after the expiration of one year from and including the date of such order, unless the probate court shall issue a new order for said commitment based on such information as the court may require."

The original order of commitment being a nullity, any subsequent order based thereon is also a nullity.

The attorney general and the prosecuting attorney state that in their opinion the petitioner should be released. An order may be entered releasing the petitioner.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.

---

* Comp. Laws Supp. 1940, § 16179–1 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 27.1913(1) *et seq.*—REPORTER.