### *In re* MAFFETT.

INSANE PERSONS—COMMITMENT—FEEBLE-MINDED MINOR—STATUTES.
   Commitment to a State institution of a minor who had been
   adjudged a feeble-minded person by probate court solely
   on the certificates of two doctors who had examined him was
   a nullity where no inquest was instituted, no proofs taken nor
   full investigation of the facts made as required by pertinent
   statute (2 Comp. Laws 1929, § 6888, as amended by Act No.
   104, Pub. Acts 1937).

Habeas corpus proceeding by Mary Ann Maffett
with accompanying certiorari to John McClellan,
Ingham Probate Judge, to obtain release of Leon
Maffett from Lapeer State Home & Training School.
Submitted December 18, 1942. (Calendar No.
42,217.) Petitioner ordered released January 4,
1943.

*Dwight L. Wilson,* for petitioner.

*Herbert J. Rushton,* Attorney General, and *Edmund E. Shepherd,* Solicitor General, for defendant.

CHANDLER, J. On January 17, 1941, one Leon
Maffett, then about 14 years of age, was adjudged
by the probate court for the county of Ingham a
feeble-minded person, and on the 5th day of August
of the same year was admitted, on the commitment
of said court, to the Lapeer State Home & Training

School at Lapeer, Michigan, and is still a patient in said institution.

On October 23, 1942, we issued, on the petition of Mary Ann Maffett, mother and natural guardian of said Leon Maffett, a writ of habeas corpus to inquire into the cause of said minor's detention in said institution, and in response to an ancillary writ of certiorari we have the record of the proceedings of the probate court for said county of Ingham, which resulted in his commitment, before us. The record shows that said minor was adjudged a feeble-minded person solely on the certificates of two doctors who examined him and that no other proofs were taken.

In view of the recommendation filed by the attorney general of this State in reply to said petition and the brief of petitioner, we find it unnecessary to detail the facts or to enter into any discussion of the issue involved. Said memorandum is as follows:

"The facts in this case are identical with those involved in the case of *In re Miller,* 303 Mich. 81.

"No inquest was instituted, nor proofs taken, and the original order of commitment is a nullity. *In re Myrtle Davis,* 277 Mich. 88.

"See, also, *In re Ryan,* 291 Mich. 673; *In re Gordon,* 301 Mich. 224; *In re Clifford,* 303 Mich. 84.

"The attorney general has no other alternative than to confess error in the case at bar."

From our examination of the record in the instant case and of the case of *In re Miller,* 303 Mich. 81, we find the facts involved to be as nearly identical as two cases could possibly be.

We said in the *Miller Case, supra:*

"The statute (2 Comp. Laws 1929, § 6888, as amended by Act No. 104, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 6888, Stat. Ann. 1940 Cum.

Supp. § 14.811]) requires the institution of an inquest, the taking of proofs and a full investigation of the facts. This was not done and the original order of commitment is a nullity. *In re Myrtle Davis*, 277 Mich. 88. See, also, *In re Ryan*, 291 Mich. 673, and *In re Gordon*, 301 Mich. 224. *   *   *

"The original order of commitment being a nullity, any subsequent order based thereon is also a nullity.

"The attorney general and the prosecuting attorney state that in their opinion the petitioner should be released. An order may be entered releasing the petitioner."

We therefore hold that an order must be entered here granting the prayer of the petitioner for the release of her ward Leon Maffett. It is so ordered.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.