*In re* POTTER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONALITY
   OF INAPPLICABLE STATUTES.
   Constitutionality of statute under which plaintiff claims he
   was committed is not discussed where record shows entire
   proceedings were taken under the probate code (Act No. 151,
   Pub. Acts 1923; Act No. 288, Pub. Acts 1939).

2. DRUNKARDS—GUARDIANS—DISCRETION OF PROBATE · COURT AS TO
   PERSON APPOINTED—DEPUTY SHERIFF.
   A deputy sheriff is not barred by the probate code from being
   appointed as guardian of an alcoholic ward, provision that
   ''any other person whom the judge of probate, upon exami-
   nation into the facts and circumstances of any particular case,
   shall determine to be a proper person to make such petition,''
   giving the probate judge full discretion as to the qualifica-
   tions of the petitioner for appointment of guardian (Act
   No. 288, chap. 3, §§ 1, 2, 3, 28, Pub. Acts 1939).

3. SAME—DEPUTY SHERIFF.
   A deputy sheriff, as such, is not barred from making a petition
   for appointment of himself as guardian of an alcoholic ward
   or from being appointed as a guardian (Act No. 288, chap.
   3, §§ 1, 2, 3, 28, Pub. Acts 1939).

4. SAME—DEPUTY SHERIFF AS GUARDIAN—STATUTES.
   Appointment of deputy sheriff as guardian of an alcoholic per-
   son on petition by such deputy who, as an individual, was
   qualified, was in compliance with pertinent statutory provi-
   sions in the absence of fraud or abuse of discretion on the
   part of the probate judge (Act No. 288, chap. 3, §§ 1, 2, 3,
   28, Pub. Acts 1939).

5. SAME—SUFFICIENCY OF PHYSICIANS' CERTIFICATES.
   Medical certificates of two doctors who examined person sought
   to be committed as an alcoholic ward which showed results
   of the investigations made by the two doctors and the opin-

ions reached by such investigations and did apprise judge of probate of the doctors' findings may not be attacked by ward for want of sufficiency where he had signed waiver of notice and consent to granting prayer of petition of guardian for commitment (Act No. 288, chap. 3, §§ 1, 2, 3, 28, Pub. Acts 1939).

6. INSANE PERSONS—COMMITMENT—INQUEST—ALCOHOLICS.

Since there is not the same need for protection of the rights of alcoholic persons in the matter of their commitment to an institution for treatment as in the case of mentally diseased persons, the inquest required before commitment of latter is not mandatory in the case of alcoholics.

7. DRUNKARDS—GUARDIANS—WAIVER—CONSENT.

Signing of the waiver of notice and consent to granting prayer of petition for appointment of guardian of person as an alcoholic ward and for latter's commitment on guardian's petition under the probate code is an acceptance of the guardianship and an approval of the petition for commitment and is construed as applying to the form and objective of the proceedings (Act No. 288, chap. 3, §§ 1, 2, 3, 28, Pub. Acts 1939).

8. SAME—COMMITMENT OF WARD FOR TREATMENT.

Signing of waiver of notice and consent to appointment of guardian by one whom guardian then sought to have committed as an alcoholic ward under the probate code does not make the commitment a voluntary one under State hospital statute not permitting detention for more than three days after request for dismissal (Act No. 151, § 9a, Pub. Acts 1923, as added by Act No. 104, Pub. Acts 1937, and amended by Act No. 142, Pub. Acts 1939; Act No. 288, chap. 3, §§ 1, 2, 3, 28, Pub. Acts 1939).

Habeas corpus to inquire into the detention of Neal K. Potter at the Ypsilanti State Hospital with accompanying certiorari to Jackson Probate Judge. Submitted April 7, 1943. (Calendar No. 42,295.) Writ dismissed June 7, 1943.

*Irving W. Goldsmith,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Ernest J. Rogers,* Jackson Prosecuting Attorney, and *George*

*R. Campbell,* Assistant Prosecuting Attorney, for the defendants.

NORTH, J.  By habeas corpus plaintiff seeks to obtain his release from custody and to have declared void the order of the probate court of Jackson county by which he was adjudicated an alcoholic and committed to the Ypsilanti State hospital for medical care and treatment.

On December 9, 1941, the probate court received the petition of George H. Turner, a deputy sheriff of Jackson county, for the appointment of a guardian for Neal K. Potter, an adult, under the provision of Act No. 288, Pub. Acts 1939.  Order for personal service was entered and notice of hearing was returned as served on December 13th.  On December 15th the certificates of two physicians duly appointed by the probate court were filed; George H. Turner was appointed guardian and furnished the required bond; the guardian petitioned that the ward be admitted to the State Hospital; and the ward, Neal K. Potter, signed a waiver of notice and a consent to granting the petition; and the order was issued committing Potter to the Ypsilanti State Hospital as a public patient with full reimbursement.

The plaintiff argues that he was committed under Act No. 151, Pub. Acts 1923*, and that the act is unconstitutional because the title of the act does not embrace the purpose of the act.  The record shows that the entire proceedings were taken under Act No. 288, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289—1[1] *et seq.,* Stat. Ann. 1942 Cum. Supp. § 27.3178[1] *et seq.*).  See chapter 3, §§ 1, 2, 3, and

---

* See 2 Comp. Laws 1929, § 6878 *et seq.* (Comp. Laws Supp. 1940, 1942, § 6878 *et seq.,* Stat. Ann. and Stat. Ann. 1942 Cum. Supp. § 14.801 *et seq.*).—REPORTER.

28 of Act No. 288. The constitutionality of this act is not attacked.

The plaintiff contends that a deputy sheriff, *as such*, is not a proper person to petition for the guardianship of an alcoholic ward when such ward is not a veteran. The argument is based on the theory that only such persons as are designated by the statute may act as guardians. However, Act No. 288, chap. 3, § 2, Pub. Acts 1939, reads in part as follows: "or by any other person whom the judge of probate, upon examination into the facts 'and circumstances of any particular case, shall determine to be a proper person to make such petition." The quoted portion of the statute clearly gives the judge of probate full discretion as to the qualifications of the petitioner. A deputy sheriff, as such, is not barred from making a petition of this character or from being appointed as a guardian. There is no claim that the guardian here appointed was not, as an individual, qualified to be a guardian; that there was fraud or that there was an abuse of discretion on the part of the probate judge. The petition and appointment of guardian were in compliance with the statutory provisions.

As another ground of complaint, plaintiff contends that the two medical certificates given in support of the petition were insufficient. One certificate contained the report: "1. Repeated convictions of drunkenness; 2. Inability to refrain from partaking of alcohol to excess." The second certificate read as follows: "Neal Potter is addicted to the use of alcoholic liquors, as I have learned from talking with him and his friends. When under the influence of alcohol he is a menace to his friends and community. He is unable to cure himself." These certificates were filed on the same day that plaintiff signed a waiver and consent to granting the prayer

of the petition. Although the medical certificates are not in detail, they do show the results of the investigations made by the two doctors and the opinions reached by such investigations. While it is true that such findings would be open to attack had the doctors been witnesses in a formal or contested hearing on the granting of the petition, the plaintiff waived such hearing and consented to the granting of the petition, and thereby he accepted the findings of the doctors as true. The certificates were sufficient to apprise the judge of probate of the doctors' findings and may not now be attacked for want of sufficiency. It should also be noted that the probate order committing plaintiff recited that it was made "after a full investigation of said matter" by the probate judge. Although the statute requires an inquest in the case of mentally diseased persons, there is no such mandatory provision in the case of an alcoholic. The reason for the provision as to the mentally afflicted persons is obvious. They cannot properly act for themselves and the law is strict in its provisions for safeguarding such persons. In the case of alcoholics, there is not the same need for mandatory provisions for their protection. On this phase of this appeal, appellant cites *In re Gordon,* 301 Mich. 224; *In re Miller,* 303 Mich. 81; and *In re Clifford,* 303 Mich. 84; and other cases of like character. They are not in point since they relate to statutory procedure in insane or feeble-minded cases. They are not pertinent to statutory proceedings applicable to the instant case.

The signing of the waiver by the plaintiff was an acceptance by him of a guardianship and an approval of the guardian's petition for commitment. This waiver must be construed as applying to the form and objective of the proceedings. It does not make the plaintiff's commitment a voluntary com-

mitment such as comes under Act No. 151, § 9a, Pub. Acts 1923, as added by Act No. 104, Pub. Acts 1937, and amended by Act No. 142, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6886–1, Stat. Ann. 1942 Cum. Supp. § 14.809 [1]), which provides that a person may make a request for voluntary admittance to an institution for treatment, and that a person so admitted may not be detained for more than three days after his request for dismissal.

Plaintiff's commitment is affirmed and the writ of habeas corpus dismissed. No costs.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.