*In re* MAHON.

1. Insane Persons—Proceedings for Adjudication—Statutes.
   Proceedings taken for an adjudication of insanity against an individual should show strict compliance with all the statutory requirements provided (CLS 1954, § 780.505).

2. Same—Presumptions—Burden of Proof.
   All persons are presumed to be sane and the burden of proving insanity rests on the challenging party.

3. Same—Criminal Sexual Psychopathic Person—Commitment— Jury Trial.
   Commitment of person who had been convicted of gross indecency as a criminal sexual psychopathic person without a jury trial was improper, where no waiver of jury trial was filed and commitment proceedings were commenced prior to expiration of the time within which statute accorded right to demand a jury trial (CLS 1954, § 780.505).

4. Same—Psychiatric Commission's Report—Notice of Right to Jury Trial.
   Psychiatric commission's report, filed with counsel for person who had been convicted of gross indecency *held*, not to have met the statutory test in regard to notice of right to a trial by jury (CLS 1954, § 780.505).

Habeas corpus by Edward M. Mahon, with accompanying certiorari to Recorders' Court for the City of Detroit, to test validity of his commitment as a criminal sexual psychopath. Submitted October

References for Points in Headnotes

[1] 28 Am Jur, Insane and Other Incompetent Persons § 12.
[2] 28 Am Jur, Insane and Other Incompetent Persons §§ 121, 122.
[3] 14 Am Jur, Criminal Law §§ 41–46.
[4] 28 Am Jur, Insane and Other Incompetent Persons §§ 17, 19, 144.

11, 1955. (Calendar No. 46,579.) Writ granted December 28, 1955, and jury trial ordered.

*George F. Curran,* for petitioner.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Ralph Garber, Samuel Brezner* and *Samuel J. Torina,* Assistant Prosecuting Attorneys, for the people.

KELLY, J. We are reviewing by petition for certiorari and habeas corpus. After Edward M. Mahon was found guilty of gross indecency, a petition for examination of him by psychiatrists was filed by the Wayne county prosecuting attorney. The court appointed a psychiatric commission, and on February 11, 1955, this commission filed its report, and a copy was forwarded to Mahon's counsel on February 15, 1955.

Proceedings on the petition were commenced before the recorder's court on March 1, 1955. Dr. Wallaert, one of the psychiatric commission, was sworn, examined and cross-examined and after identifying the commission's report and reading same to the court, Mahon's counsel objected on the ground that he was not provided with notice of his right to a jury trial.

CLS 1954, § 780.505 (Stat Ann 1954 Rev § 28.967 [5]), provides that:

"Upon a hearing held for that purpose the court without a jury, unless a jury is demanded within 15 days after the filing and service upon the accused or his counsel of said reports with notice thereto attached, to the defendant, of his right to demand a jury trial, shall ascertain whether or not such person is a criminal sexual psychopathic person."

The court denied Mahon's motion for a jury trial, stating that the failure to attach a notice of his right to jury trial did not affect the jurisdiction of the court and that his motion was untimely, being made after the case was called and testimony taken. The court found Mahon to be a criminal sexual psychopath and ordered him committed.

Mahon contends that the provision of the above-mentioned statute requiring notice to the accused of his right to demand a jury trial is mandatory and that no trial could be had until 15 days after service of such notice, unless accused, within said 15 days, demanded a jury trial or within said period waived his right thereto in writing.

In *In re Myrtle Davis,* 277 Mich 88, 90, 91, we said:

"'Proceedings taken for an adjudication of insanity against an individual should require the strictest compliance with all the statutory requirements provided. The determination affects the rights of the individual to the enjoyment of life, liberty, and property. Courts will ever protect the rights of the individual who is so unfortunate as to be called upon to make a showing to maintain his or her mental integrity. * * *

"'All persons are presumed to be sane, and in every proceeding the burden of proving insanity rests upon the one challenging the sanity of the individual.'"

Mahon did not formally waive his right to trial by jury. He made his demand for a jury trial within the 15 days after service of the report of the commission. The report filed with his counsel on February 15, 1955, did not meet the statutory test in regard to notice of right to a trial by jury and he did not waive his right to demand a jury. The trial court erred in denying Mahon a jury trial.

Edward M. Mahon is remanded to the custody of the sheriff to await trial by jury.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES,. REID, and DETHMERS, JJ., concurred.