GRINKY *v.* WAYNE PROBATE JUDGE.

1. INSANE PERSONS — CERTIFICATE OF PHYSICIANS — PROBATE COURTS.

A probate judge will not be required to proceed under Act No. 217, Pub. Acts 1903, and determine the sanity of an alleged insane person, where the two physicians appointed by him to make an examination of the alleged lunatic have not certified to her insanity.

2. CONSTITUTIONAL LAW—INSANE PERSONS—VESTED RIGHTS.

Said act is not unconstitutional in that it makes the order of the probate court depend upon the certificate of nonjudicial persons, as the requirement amounts to nothing more than a rule of evidence which does not deprive the alleged insane person of vested rights, but safeguards those rights.

137 Mich.—4.

3. Same—Vested Rights.
    No one can have a vested right to have another sent to an in-
    sane asylum.

4. Same—Title to Act.
    The provision of Act No. 217, Pub. Acts 1903, requiring the cer-
    tificate of two physicians that an alleged insane person is in-
    sane, is sufficiently expressed in the title of the act, viz.:
    "To revise and consolidate the laws organizing asylums
    * * * and to provide for the apprehension of persons be-
    lieved to be insane, and for their care and custody."

5. Same—Keepers of Asylums—Judicial Powers.
    The provision in said act that keepers of asylums cannot hold
    patients "except upon certificates of insanity and an order
    for admission" does not confer judicial powers on them.

Certiorari to Wayne; Mandell, J. Submitted June 14,
1904. (Calendar No. 20,546.) Decided June 25, 1904.

Mandamus by Joseph Grinky to compel Edgar O. Dur-
fee, probate judge of Wayne county, to proceed to a hear-
ing on a petition for the admission of an alleged insane
person to an asylum. From an order denying the writ,
relator brings certiorari. Affirmed.

*Henry F. Chipman,* for relator.

*Ira A. Lieghley,* for respondent.

Carpenter, J. Certiorari to review mandamus pro-
ceedings.

April 5, 1904, relator petitioned respondent for an order
admitting his wife, Celia Grinky, to an insane asylum.
Respondent thereupon set April 8, 1904, at 3 o'clock in the
afternoon, for hearing said application. At the time set
for hearing respondent refused to proceed with the same,
because two reputable physicians, appointed by him to
examine said Celia Grinky, had reported that she was not
insane. One of these reports was not in precise statutory
form, but, as it cannot be considered a certificate of insan-
ity, its formal character was, in our judgment, as shown

by this opinion, immaterial.    Relator thereupon instituted these proceedings in the Wayne circuit court for the purpose of obtaining a mandamus compelling respondent to proceed to a hearing on said petition.    An order to show cause was issued, a hearing had, and the mandamus denied.

The correctness of that decision, which we are asked to review, depends upon the construction and effect of Act No. 217 of the Public Acts of 1903.

Section 16 of that act made it the duty of the respondent, upon the filing of the relator's petition, "to fix a day for the hearing thereof," and "appoint two reputable physicians to make the required examination of the alleged insane person, whose certificate shall be filed with the court on or before such hearing."

Section 14 of said act provides:

· "No person who is a resident of this State shall be held as a public or private patient in any asylum, public or private, or in any institution, home, or retreat for the care or treatment of the insane, except upon certificates of insanity and an order for admission, as hereinafter provided."

Section 15 provides:

"Certificates of insanity must be made by two reputable physicians, under oath, appointed by the probate court of the county where such alleged insane person resides, or is an inhabitant, to conduct the examination."

It is urged by the relator that, notwithstanding the language above quoted, section 16 of the act makes it the duty of the judge of probate, even though the physicians appointed by him certify to sanity, to himself determine that question.    We cannot assent to this construction.    Under such circumstances a finding of insanity by the probate judge would be a mere idle formality, for without the physicians' certificate of insanity the patient could not be held by the asylum authorities.    The language of section 16 does not indicate the legislative intent to compel the probate court to make an adjudication which would

be altogether meaningless. On the contrary, the language in that section, above quoted, requiring the certificate "to be filed with the court on or before such hearing," and the fact that the form of the order therein set forth shall contain a recital of the "filing the certificates of two legally qualified physicians," indicates to us that the legislature intended that the probate judge should not proceed when said physicians certify to sanity. It is alleged that the statute so construed is unconstitutional, because:

(a) The authority of the probate court to make an order for the admission of an alleged insane person to an asylum cannot constitutionally be made to depend upon a certificate made by nonjudicial persons. I think the most that can be made of this objection is that the legislature has prescribed a certain rule of evidence, viz., it prohibited the making of the order in question unless a certain kind of proof is adduced. The authority of the legislature to prescribe this rule might be denied if it deprived any person of a vested right. See dissenting opinion of Justice GRANT in *Crane* v. *Waldron*, 133 Mich. 76 (94 N. W. 594). The rule in question certainly does not deprive the alleged insane person of a vested right, for it tends to safeguard her rights. It deprives no one else of a vested right, because it cannot be conceived that any one has a vested right to have another committed to an insane asylum. In our judgment, the constitutional objection under consideration is not well taken.

(b) It is contended that the provision under consideration is unconstitutional, because its object is not expressed in the title of the act, as required by section 20, art. 4, of our Constitution. It is argued that the provision in question changes the rule of evidence, makes the authority of the probate court depend upon the certificate of nonjudicial persons, and that these objects are not stated in the title of the act. The title of the act is:

"To revise and consolidate the laws organizing asylums for the insane and to regulate the care, management, and

use thereof, and to provide for the apprehension of persons believed to be insane, and for their care and custody."

In our judgment, the object of the legislation in question was "for the apprehension of persons believed to be insane, their care and custody." The object was, therefore, correctly stated in the title of the act. The legislature was not required to state in the title the precise manner in which it intended to effect this object. See *People v. Insurance Co.*, 19 Mich. 398.

Nor can we agree with counsel for relator that the legislation in question confers upon keepers of asylums judicial powers because it prohibits their holding a patient "except upon certificates of insanity and an order for admission."

In our judgment, the order of the circuit court should be affirmed.

The other Justices concurred.