INSANE PERSONS—PETITION FAILING TO STATE FACTS CONFERS NO JURISDICTION ON COURT.

Where the petition for an order directing the admission of an alleged insane person to a hospital contained a conclusion rather than the facts, as required by Act No. 283, Pub. Acts 1925, § 11, the probate court did not obtain jurisdiction, and its order directing the admission of such person to a hospital is therefore a nullity, and he is unlawfully detained thereunder.

*Habeas corpus* proceedings by Norman O'Neil to

Habeas Corpus, 29 C. J. § 100; Insane Persons, 32 C. J. § 351.

obtain his release from the United States veterans' bureau hospital at Camp Custer. Submitted June 21, 1927. (Calendar No. 33,162.) Petitioner discharged June 24, 1927.

*G. Sweetman Smith,* for petitioner.

WIEST, J. Petitioner, a former soldier, is detained, as an insane person, in the United States veterans' bureau hospital at Camp Custer. By writ of *habeas corpus* we commanded the hospital authorities to give the reason for such detention. By return of the medical officer we are informed that petitioner is held as a private patient by virtue of an order of the probate court for the county of Wayne. By writ of certiorari we have before us the proceedings had in the probate court, and find manifest jurisdictional error therein, rendering the adjudication wholly void.

We need point out but one fatal defect, as all subsequent proceedings were void because of it. Section 11, Act No. 283, Pub. Acts 1925, requires the petition to the probate court for an order directing the admission of an alleged insane person to a hospital "to contain a statement of the facts upon which the allegation of such mental disease is based and because of which the application for the order is made." The petition filed stated:

"That the following are the facts upon which the allegation of insanity is based, namely: Strange fancies."

The allegation of "strange fancies" states no facts, but merely a conclusion, and, without the facts, might be inclusive of no more than freakish, eccentric, humorsome, or whimsical manifestations. The purpose of the statute is manifest. Facts must be stated. Such is the statutory mandate. Facts were not stated. This

was jurisdictional. The court could not assume jurisdiction on the petition filed.

The action of the probate court was a nullity, is set aside and held for naught, and petitioner is unlawfully detained, and he is discharged from custody.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.