FREEDMAN v. FREEDMAN.

1. INSANE PERSONS—COMMITMENT—JURISDICTION—CERTIFICATES OF PHYSICIANS.

The statutory requirement that certificates of insanity must be made by two reputable physicians, under oath, appointed by the probate court of the county where such person resides, is jurisdictional to its issuance of order of commitment (2 Comp. Laws 1929, § 6887).

Collateral attack of void judgment, see Restatement, Judgments, § 11; effect of void judgment on other causes of action, see § 11, comment e.

2. SAME—STRICT COMPLIANCE WITH STATUTES.

Unless there is strict compliance with the statute relative to examination and commitment of insane persons, probate proceedings therefor are a nullity (2 Comp. Laws 1929, § 6887).

3. JUDGMENT—PROBATE COURT—ADJUDICATION OF INSANITY—JURISDICTIONAL DEFECTS—COLLATERAL ATTACK.

Jurisdictional defects which appear upon the face of probate proceedings for adjudication of insanity may be raised at any time, even in a collateral proceeding, when the rights of innocent third persons are not concerned (2 Comp. Laws 1929, § 6887).

4. MARRIAGE—ANNULMENT—INSANE PERSONS—VOID COMMITMENT—EVIDENCE.

In suit for annulment of marriage on ground of defendant wife's insanity at time of marriage, error was not committed by trial court in excluding void order of commitment of defendant to a hospital for insane persons, made after one physician had filed certificate she was insane and another that she was not insane (2 Comp. Laws 1929, § 6887).

5. SAME—ANNULMENT—INSANE PERSONS—EVIDENCE.

In suit for annulment of marriage on ground of defendant wife's insanity at time of marriage, bill was properly dismissed where record does not contain sufficient testimony to show she was insane when married to plaintiff.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 9, 1942. (Docket No. 69, Calendar No. 41,976.) Decided December 23, 1942.

Bill by Albert Freedman against Vella Freedman to annul a marriage. Bill dismissed. Plaintiff appeals. Affirmed.

*Gabriel Cohn* (*Peter T. Jameson*, of counsel), for plaintiff.

*J. Gilbert Quail* (*Bernstein & Bernstein*, of counsel), for defendant.

BUSHNELL, J. Plaintiff Albert Freedman filed his bill of complaint on March 27, 1940, seeking an an-

nulment of his marriage to defendant Vella Freedman on the ground of her insanity at the time of the marriage. The parties were married on November 4, 1930, and had lived and cohabited together as husband and wife until their separation on or about July 20, 1935. No children were born as a result of the marriage.

Plaintiff bases his right to annulment on the ground that defendant had been committed to the Eloise Hospital as an insane person under an order of the probate court, dated June 25, 1925. This fact was not discovered by plaintiff until about the time of the separation. He had noticed that defendant was acting in an unusually strange manner and had consulted a physician who informed him that his wife was affected mentally and that she must have had some previous attacks. A check of the probate records disclosed this commitment.

Defendant denied the allegations of the bill of complaint and asserted that the 1925 proceedings in the probate court were illegal and a nullity in that the court had not acquired jurisdiction over her.

When the cause was heard, plaintiff offered in evidence the file and records of the probate court, including the order of commitment, to which defendant objected, claiming the order of commitment was void because two certificates of insanity were not filed as required by 2 Comp. Laws 1929, § 6887 (see Stat. Ann. § 14.810). Two certificates had been filed but one of the physicians certified that defendant was not insane. Although plaintiff argued that the exclusion of these records would be a collateral attack upon the order of the probate court, the trial judge did exclude them. Plaintiff claims this was error.

The statutory requirement that certificates of insanity must be made by two reputable physicians, under oath, appointed by the probate court of the

county where such person resides, is jurisdictional. *Grinky* v. *Wayne Probate Judge,* 137 Mich. 49. Unless there is strict compliance with the statute, such probate proceedings are a nullity. *In re Petition of Martin,* 248 Mich. 512, and *In re Joseph Nowack,* 274 Mich. 544.

The court said in *Re Phillips,* 158 Mich. 155, 159, that:

"Proceedings taken for an adjudication of insanity against an individual should require the strictest compliance with all the statutory requirements provided. The determination affects the rights of the individual to the enjoyment of life, liberty, and property. Courts will ever protect the rights of the individual who is so unfortunate as to be called upon to make a showing to maintain his or her mental integrity. * * *

"It is sufficient answer to the argument to say that jurisdictional defects which appear upon the face of the proceedings may be raised at any time between the parties, even in a collateral proceeding, when the rights of innocent third persons are not concerned. *Palmer* v. *Oakley,* 2 Doug. (Mich.) 433 (47 Am. Dec. 41), and cases cited and digested. *Gillett* v. *Needham,* 37 Mich. 143, and footnote; *Breen* v. *Pangborn,* 51 Mich. 29."

See, also, *In re Ryan,* 291 Mich. 673.

The trial judge did not err in excluding the void order of commitment and the record does not contain sufficient testimony to show that defendant was insane at the time she married the plaintiff.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.