684

Bledsoe & Taylor, of Detroit, Mich., for plaintiff.

Frederick J. Ward, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

This suit was instituted May 29, 1945, by plaintiff, an administrator of the estate of decedent Sylvan Bickham, appointed by the Wayne County (Michigan) Probate Court, naming as defendant "William H. Brown, Administrator of the Estate of Glen Paradis, Deceased", claiming damages for wrongful death allegedly caused by the automobile of Glen Paradis while being driven within the state of Michigan on May 30, 1942, claiming jurisdiction in this court by virtue of the diversity of citizenship statute, designating plaintiff as a citizen of Michigan and defendant as a citizen of Illinois.

No proceedings having been taken thereafter for a period of two months, an order for Pre-Trial Hearing in accordance with Federal Rules of Civil Procedure, rule 16, 28 U.S.C.A. following section 723c, was entered and served on plaintiff's counsel, to stimulate action or dismiss the case for want of prosecution, such order providing, among other things, that "unless reason is shown to the contrary, the court will proceed to judgment at such hearing."

Upon the date set for such Pre-Trial Hearing plaintiff was represented by his counsel, and the defendant appeared specially and moved to quash a purported service made in Illinois and to dismiss the action.

The day following the first Pre-Trial Hearing a return of service was filed, showing service of the summons on July 13, 1945, and of the complaint on July 30, 1945, upon a third person "authorized to accept service for defendant", in Chicago.

Subsequently, plaintiff attempted to obtain service in accordance with the Michigan Non-Resident Motorist Statute, Comp. Laws Supp.Mich.1942, § 4790, M.S.A. 9.1701. Briefly, this statute provides for service upon the Michigan secretary of state, or his deputy, with notice of such service and copy of the summons to be forthwith served upon the defendant, and, in event of the death of the nonresident motorist, the action "may be commenced or prosecuted against his executor or administrator duly appointed by the state * * * in which such nonresident was domiciled at the time of his death, and service of the summons shall be made upon the secretary of state, and personal service of such notice and the copy of the summons be had upon his executor or ad-

ministrator, as the case may be, in like manner" as upon the nonresident during his lifetime.

The Marshal's return, purportedly complying with this statute, shows that on August 10, 1945, the Marshal served "the annexed summons and the complaint filed in this cause on William Brown, Administrator of Glen Paradis Estate, by leaving a copy of the annexed summons and a copy of said complaint at –h– dwelling house or usual place of abode, with Cora Hunt, Deputy Secretary of State, a person of suitable age and discretion then residing therein." The affidavit as to the complementary service of notice of the secretary of state service, required to be made forthwith after service upon the secretary of state, shows mailing the notice from Detroit, Michigan, to the defendant in Chicago, Illinois, the day preceding the service in Lansing, Michigan, namely, on August 9, 1945.

Upon the adjourned date of the Pre-Trial Hearing defendant's special counsel introduced in evidence, without objection, a certified copy of an order of the Illinois Probate Court, entered August 31, 1945, removing William H. Brown as Administrator for the reason that the appointing court had acted without jurisdiction to appoint, upon the petition of Elmer Lane, who was without the category of persons entitled to file such petition under the Illinois statutes; and, defendant's special counsel renewed his motion to quash and dismiss.

Plaintiff attempted to sustain his action and service upon the ground that William H. Brown had been, up to the time of his removal, acting as a de facto Administrator. However, as stated in Freedman v. Freedman, 1942, 303 Mich. 647, 650, 6 N.W.2d 924, 925: "It is sufficient answer to the argument to say that jurisdictional defects which appear upon the face of the proceedings may be raised at any time between the parties, even in a collateral proceeding, when the rights of innocent third parties are not concerned. Palmer v. Oakley, 2 Doug., Mich., 433, 47 Am.Dec. 41; * * * Gillett v. Needham, 37 Mich. 143, and footnote; Breen v. Pangborn, 51 Mich. 29, 16 N.W. 188."

It therefore appearing that no action has been "commenced or prosecuted against his [the nonresident motorist's] executor or administrator duly appointed by the state * * * in which such nonresident was domiciled at the time of his death", as required by said Michigan Non-Resident Motorist Statute, and that there has been no proper service and notice of process in accordance with any Federal or Michigan law or rule, as required by Rule 4, it therefore follows that "no reason is shown to the contrary" why this court should not "proceed to judgment at such Pre-Trial Hearing."

It is therefore ordered that this cause be, and the same is hereby dismissed and discontinued, without prejudice.