*In re* PAYETTE.

1. INSANE PERSONS—FEEBLE-MINDED PERSONS—JURISDICTION.

   In proceedings to commit an allegedly feeble-minded person to an institution, the controlling statutes must be closely observed and personal service of a notice of the petition and hearing must be made on the alleged feeble-minded person, or an order of substitution or dispensation of service be entered in order to give the probate court jurisdiction (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

2. SAME—FEEBLE-MINDED PERSONS—SUFFICIENCY OF PETITION.

   Sheriff's petition for commitment of 14-year-old girl as a feeble-minded person alleged sufficient facts to institute proceedings where it set forth she was then in the county detention home, had been found unaccompanied along a road at 2:30 a.m., had a history of sex delinquency, had an intelligence test rating of 68, that the petitioner had had complaints from neighbors that she had been familiar with older men and had spent the night with a paroled married man at a rooming house, that futile efforts had been made to protect her in a supervised boarding home and on probation to a child welfare worker and admittance to girls' training school had been refused, notwithstanding some allegations were based on hearsay (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

3. SAME—RECORD—STATUTES.

   In a proceeding to commit an individual as a feeble-minded person the records must be complete and not leave important statutory steps to bare inference (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

4. COURTS—PROBATE COURTS—PREPARATION OF PAPERS—JUDICIAL
NOTICE.

While judicial notice is taken of the fact that papers for use in
the probate court are frequently prepared by those not learned
in the law and the legal niceties that characterize the prepara-
tion of such papers, missing records in such court cannot be
supplied in such manner.

5. INSANE PERSONS—DEFECTIVE COMMITMENT PROCEEDINGS—AP-
POINTMENT OF PHYSICIANS—REPORTS.

Proceedings to commit 14-year-old girl as a feeble-minded person
were fatally defective where there is no record of any order
appointing two physicians to examine her and reports of the
two physicians who did examine her do not show proper
personal examination as required by statute (2 Comp. Laws
1929, § 6888, as amended by Act No. 250, Pub. Acts 1943;
Act No. 288, chap. 1, § 28, Pub. Acts 1939).

6. HABEAS CORPUS—DEFECTIVE COMMITMENT PROCEEDINGS—FURTHER
ACTION.

Release on habeas corpus of one who had been committed as a
feeble-minded person, because proceedings resulting in com-
mitment had been fatally defective, does not preclude the
taking of further action either immediately or after it is
determined that such person would not be properly safe-
guarded under home or other conditions.

Habeas corpus proceedings by Elizabeth Johnson,
with ancillary certiorari to Midland Probate Judge,
to obtain release of her daughter, Margaret Eliza-
beth Payette, from the State Home & Training
School at Lapeer, Michigan. Submitted Septem-
ber 20, 1946. (Calendar No. 43,466.) Release
ordered October 7, 1946.

*B. J. Tally* and *Charles A. Hills,* for petitioner.

*Walter B. Brown,* Prosecuting Attorney, for Mid-
land Probate Judge.

BUTZEL, C. J. By original petition for the writ of
habeas corpus and the ancillary writ of certiorari,

the mother of Margaret E. Payette seeks to secure the latter's release from the State home & training school at Lapeer, Michigan, to which she was committed in 1943, when 14 years of age, by the order of the probate court of the county of Midland.

Petitioner alleges that the girl was illegally committed without due process of law; that no notice of hearing was served on the girl; that there was no order of substituted service, or that service be dispensed with; that the record does not disclose that there was any order for the appointment of examining physicians; that the latter's reports were fatally defective in only stating conclusions of others and not facts based on the physician's own examination; that the report of one of the physicians only describes the child as an "alleged feeble-minded person."

The return of the probate judge shows that the petition was made by the sheriff of Midland county. It also shows that an attorney sought an adjournment of the hearing by filling out and signing a printed form used for that purpose. The judge's brief states that he is "informed and believes" that the attorney appeared for the girl in all the proceedings but the judge does not state that the attorney did appear. The girl evidently was in the Bay county detention home at the time the petition was filed. The record does not show that she was ever served, or that substituted service or a dispensation of service was ever ordered. Service was made on the mother and the stepfather of the girl and a guardian *ad litem* appointed by the court. In proceedings of this character, the statutes must be closely observed. Personal service of a notice of the petition and hearing must be made on the alleged feeble-minded person, or an order of substitution or dispensation of service be entered. 2 Comp. Laws

1929, § 6888, as amended by Act No. 250, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 6888, Stat. Ann. 1945 Cum. Supp. § 14.811). Strict following of the proceedings as outlined by the statute is a prerequisite to jurisdiction. *In re Joseph Nowack,* 274 Mich. 544; *In re Myrtle Davis,* 277 Mich. 88.

The petition of the sheriff did allege sufficient facts to institute proceedings. It set forth that the girl was in the Bay county detention home; that she was found unaccompanied along a road at 2:30 a.m.; that she had a history of sex delinquency; that the records showed that she had an intelligence test rating of 68; that the sheriff had several occasions to visit the girl's home because of complaints of neighbors that she was familiar with older men; that "her most recent escapade was that she spent the night with a married man in a rooming house at Midland * * * and the man, who was on parole, was taken into custody and resentenced for contributing to the delinquency of a minor;" that futile efforts had been made to protect the girl by placing her in a supervised boarding home, on probation to a child welfare worker; that the girls' training school refused to accept her because of her low rating in the intelligence test. Notwithstanding some allegations based on hearsay, the petition stated sufficient facts to institute the proceedings.

Subsequent proceedings, which possibly were informal, were not in compliance with the statute. The record does not show any appointment of two qualified physicians, as provided by section 6888, as amended, *supra.* While it is true that both physicians made out reports on printed forms which stated that they were acting under the direction and by the appointment of court, there is no such order shown by the return of the judge. Records must be complete and not leave important statutory steps

to bare inference. We repeated in *Re Bell's Estate,* 310 Mich. 394, that we took judicial notice that papers for use in the probate court are frequently prepared by those not learned in the law and the legal niceties that characterize the preparation of such papers. In the instant case, we find no record whatsoever of the appointment of the physicians on whose reports the court relied. The probate code of 1939, Act No. 288, chap. 1, § 28, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1[28], Stat. Ann. 1943 Rev. § 27.3178 [28]) provides:

"The judge of probate * * * shall keep a true and correct record of each order, sentence and decree of the court, and of all other official acts made or done by him * * * and of all other things proper to be recorded in said court."

The reports of the physicians are insufficient as they do not show proper personal examination. One of the physicians stated no facts but bases his opinion on hearsay. He states his conclusion is based on

"1. Subnormal mentality. Pt. has been examined by Traverse City traveling clinic.

"2. Sex delinquent. Has been in custody of probate court for some time."

The other report states that the girl is "alleged feeble-minded," and the opinion is based on "subnormal-mentality. Sex delinquent. Has been under jurisdiction of the probate court for some time. Has been under the county social agency for two years." These reports do not give the facts showing proper personal examination, but merely show what others found.

The judge of the probate court has filed in this court a letter but recently received from the medical superintendent of the Lapeer State home & training

school stating that the girl has been quite a trouble-some patient and at the time the letter was written was in the disciplinary cottage; that she has been disciplined twice before; that she tried to escape; that she has not been sterilized; that her psycho-metric examination shows that she tested in the border line range, and that her school tests show that in reading and arithmetic she was on a third-grade level (the girl is now over 17 years of age). The superintendent did not recommend her release or parole. The probate judge asks that should we find that the proceedings are fatally defective, we should withhold the issuance of a writ of habeas corpus for a sufficient length of time so that a proper petition may be filed and a hearing held to determine whether the girl is a feeble-minded person. Our issuance of a writ does not preclude the taking of further action either immediately or after it is de-termined that the girl will not be properly safe-guarded under home or other conditions. We are constrained to order her release because of the de-fects hereinbefore set forth.

The release is ordered.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.