*In re* FIDRYCH.

HABEAS CORPUS—INSANE PERSONS—COMMITMENT—STATUTES—DIS-
CHARGE WITHOUT PREJUDICE.
Order discharging plaintiff on his petition for habeas corpus
while committed as a feeble-minded person is without preju-
dice to such further proceedings as may be deemed necessary,
where statute was not complied with in commitment proceed-
ings (CL 1948, §§ 330.20, 330.21).

BOYLES, NORTH, and BUTZEL, JJ., dissenting.

Habeas corpus by Leonard Fidrych with accom-
panying certiorari to obtain release from Lapeer
Home and Training School. Submitted June 26,
1951. (Calendar No. 44,787.) Writ granted Decem-
ber 3, 1951.

*Samuel Brezner,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Daniel J. O'Hara,*
Assistant Attorney General, for the people.

DETHMERS, J. This is habeas corpus and ancillary
certiorari to inquire into the cause of plaintiff's de-
tention in the Lapeer State home and training school.
He was committed there, while a minor, as a feeble-
minded person, by order of the probate court, pur-
suant to the provisions of PA 1923, No 151, §§ 10, 11,
as amended by PA 1947, No 106 (CL 1948, §§ 330.20,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur, Habeas Corpus §§ 85, 157.

330.21 [Stat Ann 1947 Cum Supp §§ 14.810, 14.811]). Plaintiff claims the proceedings in that court defective. They must be in strict conformity with statutory requirements. *In re Myrtle Davis,* 277 Mich 88; *Freedman* v. *Freedman,* 303 Mich 647; *In re Payette,* 315 Mich 700. The necessity for strict compliance with the statute was in nowise diminished by the fact that the proceedings were brought while plaintiff stood committed to the State hospital at Ionia as an insane person under the provisions of CL 1948, § 767.27 (Stat Ann 1949 Cum Supp § 28.967) in a certain criminal cause then pending and thereafter nolle prossed, nor by the fact that said proceedings were brought solely for the purpose of transferring plaintiff from the one institution to the other.

Plaintiff complains first of the insufficiency of the petition for his admission to Lapeer. Section 11 of the statute provides in part that such petition shall "contain a statement giving the facts and not the conclusions upon which the allegation of such mental disease is based." The petition in the case at bar represented that the facts upon which the allegation of feeble-mindedness was based were as follows: "Simple, childish, immature, cannot read or write, I.Q. of 41, behavior typical of an imbecile." The averment of inability to read or write and of an I.Q. of 41 does not afford a sufficient factual basis for the conclusion of feeble-mindedness, as such facts may not necessarily be inconsistent with the existence of an untrained but, nevertheless, sound mind. The remainder of the statement consists of conclusions and opinions without the facts upon which they are based. Such petition, fatally defective, could not serve to confer jurisdiction on the probate court and its subsequent order was, therefore, a nullity. *In re O'Neil,* 239 Mich 450; *In re Joseph Nowack,* 274 Mich 544.

Complaint is also made of the certificates of the 2 physicians for failure to state the grounds upon which their opinions of feeble-mindedness were based. We think this objection also well taken. Under section 10 of the statute, as then in effect, such certificates were required to "contain the facts and circumstances upon which the opinion of the physician is based." This requirement is jurisdictional. *Freedman* v. *Freedman, supra.* In the instant case one of the certificates represented those facts and circumstances to have been as follows:

"Evidently has only the intelligence of a very low-grade imbecile, with no power of judgment or reasoning. He cannot name the days of the week, nor months of the year. Cannot add 2 and 3, though he has learned to count. He could not be held responsible for his acts, since he has no conception of right and wrong."

The other represented them as follows:

"This young man is 20 years of age and has a mental I.Q. of 40. He cannot read or write. He was arrested for gross indecency and committed to prison and then transferred to the Ionia State hospital. This man is definitely feeble-minded and should be transferred to the Lapeer State home and training school."

So much of the above as constitutes statements of facts and circumstances suffers from the same infirmity hereinbefore noted concerning the like statements contained in the petition. The remainder, as in the case of the petition, amounts to nothing more than statements of the opinions and conclusions of the physicians. It should be said here that the requirements of the statute that the specified statements of the petition and certificates shall set forth facts, not mere conclusions, are mandatory not only when made by ordinary laymen but as well when made by

physicians, despite the fact that the latter may well qualify as expert witnesses for the giving of opinion evidence for certain purposes. Such opinions do not satisfy the statutory requirements in this connection. It is the probate judge, not the physicians, who must make the determination of feeble-mindedness; it must be predicated upon a showing of facts, not merely upon the opinions of others, whether laymen or physicians.

Plaintiff also urges that the probate judge erred in failing to appoint a guardian *ad litem* for him in the proceedings. When, as here, personal service of the notice of hearing is had upon the person alleged to be feeble-minded, the statute permits but does not require such appointment.* Plaintiff contends that even though such appointment be not mandatory but permissive only, the failure to make it amounted, under the facts of this case, to an abuse of discretion. The consideration of this claim involves the review of the probate judge's determination of those very facts and requires our decision of a question of judicial discretion, which is not the office of habeas corpus. See *In re McKinney,* 326 Mich 190.

The law then in effect did not require a stenographic record to be taken of the testimony and proceedings before the probate court. We are not in accord with plaintiff's position that failure to take it rendered the order of the probate court a nullity. The probate judge has filed a return, certifying to the substance of the testimony adduced and the proceedings had before him, which proved sufficient in those respects for a determination of the issues in this case. In passing, it may be said that on each of those issues the excellent brief of the solicitor general was of inestimable value and assistance to the Court.

---

* CL 1948, § 330.21 (Stat Ann 1947 Cum Supp § 14.811).—Reporter.

An order may enter discharging plaintiff without prejudice to such further proceedings as may be deemed necessary.

CARR, BUSHNELL, and SHARPE, JJ., concurred with DETHMERS, J. REID, C. J., concurred in the result.

BOYLES, J. (*dissenting*). The facts are correctly stated in Justice DETHMERS' opinion. However, I think that there were allegations of facts in the petition sufficient to give the probate court jurisdiction. The statute in effect at the time the petition was filed* required that a petition for an order directing the admission of a person alleged to be insane, feeble-minded or epileptic to a hospital, home or institution for the care of the insane, feeble-minded or epileptic shall "contain a statement giving the facts and not the conclusions upon which the allegation of such mental disease is based." I think that there were allegations of facts stated in the petition, where it alleged that the respondent was "simple, childish, immature, cannot read or write, I.Q. of 41, behavior typical of an imbecile," to comply with the statute.

Similarly, the statute† required the certificates of 2 physicians which "must show that it is their opinion that the person is actually insane, or feeble-minded, or epileptic, as the case may be, and *shall contain the facts and circumstances upon which* the opinion of the physician is based." The statute did not require that the physicians have personal knowledge of said facts and circumstances, or swear to the truth of them. I think there were facts and circumstances stated in the 2 physicians' certificates (correctly quoted by Justice DETHMERS) which satisfied the statutory requirement.

---

* CL 1948, § 330.21 (Stat Ann 1947 Cum Supp § 14.811). The later amendment by PA 1949, No 313, does not apply.

† CL 1948, § 330.20 (Stat Ann 1947 Cum Supp § 14.810). The later amendment by PA 1949, No 313, does not apply.

For the above reasons, I do not concur in issuing an order for the discharge of the patient.

NORTH and BUTZEL, JJ., concurred with BOYLES, J.