*In re* FLOYD BROOKS.

HABEAS CORPUS—FEEBLE-MINDED PERSONS—COMMITMENT—STATUTES—DISCHARGE WITHOUT PREJUDICE.
Order discharging person on whose behalf a petition for habeas corpus was filed while he was committed as a feeble-minded person is without prejudice to such further proceedings as may be had in accordance with the statute, where there was a want of compliance with the statute in the proceedings resulting in the commitment (CL 1948, § 330.20).

Habeas corpus to obtain release of Floyd Brooks from Lapeer State Home and Training School with accompanying certiorari to Ionia probate judge. Submitted May 31, 1951. (Calendar No. 45,084.) Writ granted December 3, 1951.

*Gemuend & Barnes,* for petitioner.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

REID, C. J. Floyd Brooks is being detained in the Lapeer State home and training school as a feeble-minded person by virtue of a commitment by the probate court for Ionia county, dated May 22, 1947.

Howard Brooks, father of Floyd Brooks, filed the petition in this matter for writ of habeas corpus to relieve Floyd Brooks from such detention.

REFERENCES FOR POINTS IN HEADNOTES
25 Am Jur, Habeas Corpus §§ 156, 159; 28 Am Jur, Insane and Other Incompetent Persons § 40.

Petitioner claims that the petition to the probate court for said commitment was defective by reason of failing to state the facts on which a conclusion of feeble-mindedness of Floyd Brooks was predicated; that 2 physicians did not file sworn certificates of the alleged feeble-mindedness; that the probate court conducted an improper inquest; and that the probate court failed to make a record of some of its proceedings required by the statute to be made and could not by certificate supply the showing so required to be of record.

The petition for commitment signed by the county welfare agent alleged as grounds for considering Floyd Brooks (then of the age of 16 years) a feeble-minded person:

"Examination by P. C. Robertson, medical superintendent, Ionia State Hospital. Mental age of 8 yrs., I. Q. 50, extremely dull, no concept of right or wrong, does not show any active psychosis, but is mentally deficient. Should be committed to Lapeer State Home and Training school."

The quoted statements, although hearsay, can be considered as statements of fact by the petitioner for the purposes of conferring jurisdiction upon the probate court.

The statute then in effect, PA 1923, No 151, § 11, as amended by PA 1941, No 299 (Stat Ann 1946 Cum Supp § 14.811),* is in part as follows:

"Such petition to contain a statement giving the facts and not the conclusions upon which the allegation of such mental disease is based and because of which the application for the order is made."

An inquest was directed by the statute, PA 1923, No 151, § 11, as amended by PA 1941, No 299,* to be instituted by the probate court. The records of

---

* See CL 1948, § 330.21.—REPORTER.

the probate court in this case do not show an inquest. The holding of an inquest or at least, the taking of testimony before the probate court, is certified to by the probate judge. Such certificate is not competent to supply the deficiency of the records in view of the requirement of the statute, CL 1948, § 701.28 (Stat Ann 1943 Rev § 27.3178 [28]):

"The judge of probate shall have possession of the seal, records, books, files and papers belonging to said court, and shall keep a true and correct record of each order, sentence and decree of the court, and of all other official acts made or done by him, and of all wills proved therein with the probate thereof, of all letters testamentary, and of administration, and of all other things proper to be recorded in said court. Such records, except as otherwise provided by law, may be inspected without charge by all persons interested."

A recital in the record, "After a full investigation of said matter," does not show that witnesses testified competently to facts showing feeble-mindedness of Floyd Brooks, and necessity for his commitment.

"Records must be complete and not leave important statutory steps to bare inference." *In re Payette,* 315 Mich 700, 703, 704.

Only 1 doctor was sworn to his certificate. The statute requires the certificates of 2 doctors to be sworn to. CL 1948, § 330.20 (Stat Ann 1947 Cum Supp § 14.810).

For want of compliance with the statute in the particulars above recited as to inquest and the record of it, and as to 1 doctor's certificate not being sworn to, the commitment is void. Floyd Brooks is ordered to be released but without prejudice to further proceedings in accordance with the statute.

The writ of habeas corpus prayed for will issue and shall operate as an order for the release of Floyd

Brooks pending further proceedings. No· costs, a matter of importance to the public being involved.

BOYLES, NORTH, and BUTZEL, JJ., concurred with REID, C. J.

DETHMERS, J. For reasons stated in controlling opinion in *Re Fidrych, ante,* 485, I concur in the result.

CARR, BUSHNELL, and SHARPE, JJ., concurred with DETHMERS, J.