*In re* FAINT.

1. INSANE PERSONS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—
PROSECUTING ATTORNEY'S STATEMENT—OATH.

The prosecuting attorney's statement, initiating a proceeding to have one accused of crime committed as a criminal sexual psychopathic person, need not be made under oath (CL 1948, § 780.503).

2. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—SUFFICIENCY OF PROSECUTOR'S STATEMENT.

The allegation of 7 convictions of indecent exposure and 1 of gross indecency against one accused of crime set forth sufficient facts in statement of prosecuting attorney to initiate proceeding to have the accused committed as a criminal sexual psychopathic person (CL 1948, § 780.503).

3. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—PSYCHIATRIST'S REPORT—STATUTES.

Report of psychiatrists who had examined one accused of crime in proceeding by which he was adjudged to be a criminal sexual psychopathic person *held*, to have complied with the statute then in effect (CL 1948, § 780.504).

4. HABEAS CORPUS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—HEARING ON PETITION—EVIDENCE.

Claim that proofs at hearing in proceeding to have one accused of crime adjudged to be a criminal sexual psychopathic person were insufficient *held*, not a proper claim to be advanced in a habeas corpus proceeding (CL 1948, § 780.503).

5. INSANE PERSONS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—RETURN ON CERTIORARI.

Proofs at a hearing in proceeding to have one accused of crime adjudged to be a criminal sexual psychopathic person are

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 28 Am Jur, Insane and Other Incompetent Persons §§ 29, 30.
[1–6] Statutes relating to sexual psychopaths. 24 ALR2d 350.
[7] 25 Am Jur, Habeas Corpus § 149; 28 Am Jur, Insane and Other Incompetent Persons § 29.

not assumed to be insufficient unless the return to writ of certiorari, ancillary to writ of habeas corpus, contains a transcript showing them to have been sufficient (CL 1948, § 780.-503).

6. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—TRANSCRIPT OF TESTIMONY.

The people are not required to furnish, at public expense, a transcript of testimony taken at hearing in proceeding to have one claimed to be a criminal sexual psychopathic person (CL 1948, § 780.503).

7. HABEAS CORPUS—QUESTIONS REVIEWABLE—TRANSFER OF CRIMINAL SEXUAL PSYCHOPATHIC PERSON FROM HOSPITAL TO PRISON—TREATMENT.

Record in habeas corpus and ancillary certiorari by an inmate of the State prison *held*, insufficient to present a justiciable question concerning the legality of his transfer by the department of mental health from the State hospital for the criminally insane to the State prison on the basis of the treatment afforded him in the latter institution, although there is statutory authority for such detention (CL 1948, §§ 780.503, 780.505).

Habeas corpus by Arthur Faint, with accompanying certiorari to the Recorders Court for the City of Detroit, to test validity of commitment to the State hospital commission. Submitted September 15, 1954. (Calendar No. 46,223.) Writ dismissed November 29, 1954.

*Philip Weissman,* for petitioner.

*Frank G. Millard,* Attorney General, *Gerald K. O'Brien,* Prosecuting Attorney, *Samuel Brezner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

DETHMERS, J.    This is habeas corpus and ancillary certiorari to inquire into the legality of the detention of plaintiff, committed on May 8, 1950, under PA 1939, No 165 and its amendments then in effect (CL 1948, § 780.501 *et seq.* [Stat Ann 1949 Cum Supp

§ 28.967(1) *et seq.*]) as a criminal sexual psychopathic person.

Plaintiff says that the prosecuting attorney's statement in writing, filed as commencement of proceedings under the statute, was fatally defective because it had not been made under oath and failed to set forth facts tending to show that plaintiff was a criminal sexual psychopathic person. CL 1948, § 780.503 (Stat Ann 1949 Cum Supp § 28.967[3]), providing for the filing of such "statement in writing," did not then, and does not now, require that it be made under oath. The statement alleged 7 convictions of indecent exposure and 1 of gross indecency against plaintiff. That sufficed. *In re Pryor,* 335 Mich 212.

Plaintiff challenges the sufficiency of the report filed by the examining psychiatrists for failure to state the facts upon which their alleged conclusions concerning plaintiff were based. Plaintiff says that the statute requires this, quoting in support from CLS 1952, § 780.504 (Stat Ann 1953 Cum Supp § 28.-967[4]), but without pointing out that the requirement in that respect came into the statute through its amendment by PA 1950 (Ex Sess), No 25, effective June 9, 1950. The prosecuting attorney, denying that the statute so requires, quotes the statute as found in CL 1948 prior to the amendment, without calling attention to the fact that plaintiff's reliance is on the subsequent amendment. The report of the psychiatrists in this case was made on April 7, 1950, and on May 8, 1950, plaintiff was adjudged to be a criminal sexual psychopathic person and ordered committed as such, all in advance of the effective date of the amendment. The report met the statutory requirements in effect at the time it was made and filed. Neither *People* v. *Artinian,* 320 Mich 441, nor *In re Fidrych,* 331 Mich 485, cited by plaintiff, is controlling here. Decision in *Artinian*

was not predicated on an express statutory requirement as to what the report should contain but on the failure of either the doctors' report or their testimony to afford a factual basis for a judicial determination, so that their judgment had been substituted for that of the court. *Fidrych* involved the statute (CL 1948, § 330.20 [Stat Ann 1947 Cum Supp § 14.810]) relating to cases of insanity, feeblemindedness or epilepsy, which required, similar to the mentioned amendment effective June 9, 1950, relating to criminal sexual psychopathic persons, that the physicians' certificate should contain the facts and circumstances upon which their opinions were based.

Plaintiff's claim that the proofs at the hearing were insufficient is not a proper one for consideration in habeas corpus proceedings; nor is he correct in his position that the proofs must be assumed to have been insufficient unless the return to the writ of certiorari contains a transcript or record of such proofs showing them to have been sufficient. The people are not required to furnish such transcript to him at public expense as he apparently contends.

The record is insufficient to present a justiciable question concerning the legality of his transfer by the department of mental health from the Ionia State hospital to the State prison of southern Michigan, to be determined on the basis of the treatment afforded him in the latter institution. Authority for his detention there is found in CL 1948, § 780.505 (Stat Ann 1949 Cum Supp § 28.967[5]).

Writ dismissed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.