*In re* CLIFFORD.

1. Insane Persons—Commitment—Statutes.

    Statute pertaining to the commitment of insane persons requires the institution of an inquest, the taking of proofs, and a full investigation of the facts (2 Comp. Laws 1929, § 6888, as amended by Act No. 104, Pub. Acts 1937).

2. Same—Commitment—Hearing—Evidence—Due Process.

    Person who was examined by physicians who, in turn, filed their report, whereupon probate judge set date for hearing upon petition and order for commitment as an insane person, was denied due process of law where she was taken to hospital four days before date set for hearing, continuously confined thereafter, and no testimony was taken as to her alleged insanity (2 Comp. Laws 1929, § 6888, as amended by Act No. 104, Pub. Acts 1937).

Habeas corpus proceeding by Agnes Lillian Clifford with accompanying certiorari to John McClellan, Ingham Probate Judge, to obtain release from Kalamazoo State Hospital. Submitted September 8, 1942. (Calendar No. 42,152.) Petitioner released September 18, 1942.

*Gerald M. Henry,* for petitioner.

*Herbert J. Rushton,* Attorney General, and *Edmund E. Shepherd,* Solicitor General, for defendant.

Sharpe, J. A writ of habeas corpus, directed to the medical superintendent of the Kalamazoo State hospital, and an ancillary writ of certiorari, directed to the probate judge of Ingham county, have issued to inquire into the cause of detention of Agnes Lillian Clifford.

The proceedings in the probate court of Ingham county show that on May 9, 1941, Reginald Clifford filed a petition for the admission of Agnes Lillian Clifford as a mentally diseased person to an insane asylum. On the same day the probate judge entered an order appointing two physicians as medical examiners. Both physicians examined Agnes Lillian Clifford and filed their reports on May 9, 1941, whereupon the probate judge entered an order setting May 17, 1941, for a hearing upon the petition and an order committing her to the Kalamazoo State hospital pending the hearing and determination. On May 13, 1941, she was taken to the hospital where she has remained ever since. On May 19, 1941, the probate court entered an order committing her to the Kalamazoo State hospital. It appears that no testimony was taken of the alleged insanity of Agnes Lillian Clifford.

It is the claim of petitioner that Agnes Lillian Clifford was adjudged insane without due process of law and in disregard of the statute (2 Comp. Laws 1929, § 6888, as amended by Act No. 104, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 6888, Stat. Ann. 1940 Cum. Supp. § 14.811]) authorizing such proceedings. The attorney general of the State of Michigan states that in his opinion she is entitled to release.

The statute requires the institution of an inquest, the taking of proofs, and a full investigation of the facts. This was not done and the order of commitment is a nullity. *In re Myrtle Davis*, 277 Mich. 88; *In re Miller, ante*, 81. See, also, *In re Ryan*, 291 Mich. 673, and *In re Gordon*, 301 Mich. 224.

The proceedings in the probate court were fatally defective and Agnes Lillian Clifford is discharged.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.