In re HAROLD H. ROBERTS.

1. CERTIORARI—ANCILLARY TO HABEAS CORPUS.
   The writ of certiorari need not be issued ancillary to writ of habeas corpus where copies of all orders and proceedings relating to commitment were attached to petition for the latter writ.

2. INSANE PERSONS—COMMITMENT—PRESENCE AT HEARING.
   One sought to be committed as an insane ·person has a right to be present at statutory hearing in the probate court on petition for adjudication of insanity in the absence of a showing that his condition was such as to render his removal from the hospital for that purpose improper and unsafe (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

3. SAME—COMMITMENT—STATUTES—JURISDICTION OF PROBATE COURT.
   Where mandatory provisions relative to commitment to hospitals for the insane are not strictly complied with, a probate court is without jurisdiction to commit alleged insane person thereto, since the determination affects the rights of an individual to the enjoyment of life, liberty and property (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

4. SAME—COMMITMENT—PRESENCE AT HEARING.
   An order committing an individual as an insane person was a nullity where he was not present or permitted to be present, and no showing made that it would be improper or unsafe for him to be present at hearing on petition for adjudication of insanity (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

Habeas corpus by Harold H. Roberts to obtain his release from Kalamazoo State Hospital. Submitted January 23, 1945. (Calendar No. 42,941.) Petitioner discharged February 20, 1945.

*James B. Stanley,* for petitioner.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

STARR, C. J.   On petition of Amanda Roberts, we issued writ of habeas corpus to inquire into the cause of the detention of her son, Harold H. Roberts, in the Kalamazoo State hospital.   As copies of all orders and proceedings relating to his commitment by the probate court of Kalamazoo county were attached to such petition, the usual ancillary writ of certiorari was not issued.

It appears that on June 9, 1944, the father of said Harold Roberts filed petition in probate court for his admission to the Kalamazoo State hospital as an insane person.   On that date an emergency order was entered committing him to the hospital, pending hearing on the petition.   At the conclusion of the hearing on June 16th, an order was entered committing him to the State hospital as an insane person. Roberts was not present at such hearing, as he was confined in the hospital under the emergency commitment.   There was no showing to the court that his condition was such as to render his removal from the hospital for the purpose of appearing at the hearing improper and unsafe, as required by 2 Comp. Laws 1929, § 6888, as last amended by Act No. 250, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 6888, Stat. Ann. 1944 Cum. Supp. § 14.811), which provides in part:

"Such alleged mentally diseased person shall have the right to be present at such hearing, unless it shall be made to appear to the court, either by the certificate of the medical superintendent in charge of such hospital, home or retreat to which he may

have been temporarily admitted, or by the certificate of 2 reputable physicians, that his condition is such as to render his removal for that purpose, or his appearing at such hearing improper and unsafe.''

Under the above statute Roberts was entitled to be present at the hearing unless it was shown to the court that his condition was such as to render his removal from the hospital for that purpose improper and unsafe. The provisions of the statute are mandatory, and as they were not complied with, the probate court was without jurisdiction to commit him as an insane person. In the case of *In re Phillips,* 158 Mich. 155, 159, we said:

''Proceedings taken for an adjudication of insanity against an individual should require the strictest compliance with all the statutory requirements provided. The determination affects the rights of the individual to the enjoyment of life, liberty, and property. Courts will ever protect the rights of the individual who is so unfortunate as to be called upon to make a showing to maintain his or her mental integrity.''

''The probate court derives its jurisdiction from the statute. To obtain jurisdiction in this case, therefore, the provisions of the statute should have been strictly pursued.'' *In re Greenman,* 212 Mich. 687.

''The commitment of a person to an insane asylum is too serious to permit any slipshod methods or failure to strictly comply with the provisions of the law. Without such strict compliance, proceedings like those in the instant case are a nullity.'' *In re Joseph Nowack,* 274 Mich. 544, 548.

See, also, *In re Maffett,* 304 Mich. 173; *In re Petition of Martin,* 248 Mich. 512.

The attorney general filed memorandum admitting error in the proceedings for the commitment of Roberts and consenting to his release.

We conclude that the probate court order of June 16, 1944, committing said Harold Roberts to the Kalamazoo State hospital, was a nullity, and that the petition for his release should be granted. An order may be entered releasing him.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.