*In re* SAWYER.

INSANE PERSONS—COMMITMENT—PHYSICIANS' CERTIFICATES—IN-QUEST.

    Commitment to hospital for the insane of petitioner for writ of habeas corpus was made by probate court not having jurisdiction to do so where petition to have plaintiff adjudicated insane was signed by a deputy sheriff, only one certificate by a physician was on file on day set for hearing, plaintiff was in hospital on such date and unable to attend the hearing, order of commitment was entered before second physician's certificate was filed and no inquest was held (2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943).

Habeas corpus by Florence Sawyer to obtain her release from Pontiac State Hospital with accompanying certiorari to Clinton Probate Judge. Submitted May 14, 1945. (Calendar No. 43,046.) Plaintiff discharged June 4, 1945.

*V. O. Braun,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Clement M. Pung,* Prosecuting Attorney, for defendants.

SHARPE, J. We granted petitioner the writ of habeas corpus to inquire into the cause of her detention in the Pontiac State hospital. Ancillary writ of certiorari was directed to the probate court for Clinton county to certify to this court its records and proceedings leading to the detention.

These records show that on July 3, 1944, a deputy sheriff of Clinton county filed a petition to have Florence Sawyer admitted to a State institution for the insane. Hearing was set for July 6, 1944. On July 5, 1944, the certificate of one physician was filed. On July 6, 1944, an order was entered adjudging Florence Sawyer insane. On July 10, 1944, the certificate of the second physician was filed. On the day set for hearing Florence Sawyer was in the Pontiac State hospital and unable to attend the hearing.

Petitioner urges that the judge of probate of Clinton county lacked jurisdiction to hear the case or issue any orders therein; that the proceedings were illegal in that a deputy sheriff signed the petition for her detention; that the certificate of two physicians had not been filed in the office of the probate court when the commitment order was issued; and that no inquest was held or proof taken on the hearing set for July 6, 1944.

The record discloses a situation similar to that in *Re Davis,* 277 Mich. 88, and *Re Gordon,* 301 Mich. 224. Decision in those cases is controlling here. The prosecuting attorney of Clinton county and the attorney general of the State of Michigan confess error in the proceedings for the commitment of Florence Sawyer and consent to her release.

We have reviewed the record and are convinced that no inquest was held. The probate court lacked jurisdiction to commit her.*

An order may be entered releasing the petitioner.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, BOYLES, and REID, JJ., concurred.