*In re* ASLANIAN.

1. INSANE PERSONS—DURATION OF CONFINEMENT UNDER TEMPORARY ORDER.

Detention under temporary order of commitment pending hearing may not be for more than 30 days except by special order of the court (2 Comp. Laws 1929, § 6888).

2. SAME—ORDER OF COMMITMENT—EVIDENCE—PRESENCE AT HEARING —DISCHARGE WITHOUT PREJUDICE.

Order committing 14-year-old girl as a feeble-minded person was a nullity where probate court failed to conduct a proper inquest, had not taken sufficient proofs or made a full investigation of the facts, neither the girl nor either of her parents were present at the hearing and it was not shown that it would have been improper or unsafe for her to have been present thereat, but order of discharge is made without prejudice where there is a showing that the girl had infected a boy with venereal disease, had had illicit and incestuous relations, and also, had undergone an abortion (2 Comp. Laws 1929, § 6888).

Habeas corpus by Elsie Howard on behalf of Evelyn Aslanian with accompanying certiorari to Wayne Probate Court to obtain her release from Wayne County Training School. Submitted March 24, 1947. (Calendar No. 43,671.) Writ granted May 16, 1947.

*Harry F. Vellmure* and *Alexander Barbour,* for petitioner.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,*

Prosecuting Attorney, and *Robert N. Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for defendant.

BUTZEL, J.   On petition of Elsie Howard, we issued a writ of habeas corpus to inquire into the cause of detention of her daughter, Evelyn Aslanian, in the Wayne County Training School, Northville, Michigan.   By ancillary writ of certiorari we have the record of the proceedings in the probate court of Wayne county which resulted in the commitment of the girl as a feeble-minded person in 1941, when she was 14 years of age.

Petitioner alleges that her daughter was illegally committed to an institution without due process of law; that the application for admission as a feeble-minded person stated conclusions rather than facts; that the probate court failed to take proofs and investigate the facts prior to entering the order of commitment; that petitioner was not served with notice; that petitioner's daughter, Evelyn Aslanian, was not present at the hearing; that the father of the girl, Edward Aslanian, who had signed the application was not present at the hearing; and that the physicians' certificates, dated November 13 and 15, 1940, were refiled and used at the hearing on April 3, 1941, without a re-examination of the girl.

The statute in effect at the time of the hearing, Act No. 151, § 11, Pub. Acts 1923, as amended by Act No. 283, Pub. Acts 1925* (2 Comp. Laws 1929, § 6888 [Stat. Ann. § 14.811]), required that the petition state the facts upon which the allegation of mental disease was based, that the interested parties be served with notice of hearing, that the court appoint two reputable physicians to examine the

---

* Subsequently amended by Act No. 299, Pub. Acts 1941; Act No. 250, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 6888, Stat. Ann. 1946 Cum. Supp. § 14.811).

alleged mentally diseased person and file a report, that an inquest be instituted, proofs taken and a full investigation made of the facts, and that, except where it would be improper or unsafe, the alleged mentally diseased person should have the right to be present át the hearing.

The application for admission of Evelyn Aslanian as a feeble-minded person, states:

"Patient was examined by the Detroit board of education on 10–17–40 given an I 2.52. [I. Q. 52.?] She attended special grades. She is a sex delinquent. She is a behavior problem in the home."

The return of the probate judge shows that the original petition was filed on October 31, 1940, by the girl's father and apparently refiled on March 24, 1941. Petitioner states as her belief that her daughter was confined to the Wayne County Detention Home on temporary order during this entire period, which, if true, was in direct contravention of the statutory prohibition against temporary detention in excess of 30 days except by special order of the court which was not had herein. The return of service indicates that the girl was served but that the mother could not be located. There is no showing that Evelyn Aslanian was present at the hearing on her commitment or that she was represented by counsel or a physician. Neither of the parents appeared at the hearing. The entire proceeding in the probate court consisted of the following questions put by the judge to a social worker interested in the case:

"*Q.* The father signed this petition?
"*A.* Yes.
"*Q.* Is the mother married again?
"*A.* Yes.
"*Q.* She is 14 years old?
"*A.* Yes.

"*Q.* She is feeble-minded?

"*A.* Yes.

"*Q.* She is a problem in the home?

"*A.* Yes, a very serious sex delinquent.

"*Q.* And the father wants her committed to the Wayne County Training School?

"*A.* Yes.

"*Q.* And the mother, has she said anything about it?

"*A.* The father has been given custody of her.

"*Q.* Is the father able to pay?

"*A.* No.

"*The Court:* She is committed to the Wayne County Training School at public expense."

The physicians' certificates are couched in the most general terms. One of the physicians stated that the girl was handicapped by an unfortunate home environment; that she suffered from myopia which retarded her mental development; and that her mental age was much below her actual age of 14 years. The other physician stated that she was cooperative, her orientation good, her sum total of knowledge fair, but that she lacked initiative in thought and could not "differentiate between the various divisions of arithmetic," repeat numbers of over four digits or "form sentences of three given words."

It is readily apparent from the foregoing that the probate court did not conduct a proper inquest, take sufficient proofs or make a full investigation of the facts, without which the order of commitment is a nullity. *In re Davis,* 277 Mich. 88. See, also, *In re Miller,* 303 Mich. 81; *In re Clifford,* 303 Mich. 84; *In re Maffett,* 304 Mich. 173. Moreover, there was no showing that Evelyn Aslanian was present at the hearing nor was there any indication that it would have been improper or unsafe for her to have been

present which, without more, renders the order of commitment a nullity. *In re Roberts,* 310 Mich. 560. The prosecuting attorney agrees with petitioner that a proper inquest was not had and that there was not a sufficient showing that the alleged feeble-minded girl was present at the hearing. The attorney general also concedes that the proceedings were fatally defective. It thus becomes unnecessary to pass upon the sufficiency of the petition for admission, notice to the mother and the physicians' certificates.

In view of the fact that the original proceedings were fatally defective, it is unnecessary to pass upon the subsequent proceedings wherein the mother sought to have her daughter declared a sane and mentally competent person. It would appear that at the time she was committed, the girl was not only feeble-minded and a sex delinquent, as charged in the petition, but that she was a behavior problem as disclosed by the record. In the subsequent proceeding after the commitment there is a showing by a letter from one in authority that the girl had infected a 16-year-old boy with a venereal disease, that she had had illicit and incestuous relations, and also, had undergone an abortion. There seems to be a disagreement among the doctors, however, as to whether she is feeble-minded at the present time or not. If necessary, proper proceedings may be brought at any time to safeguard both the girl and the public.

The proceedings in the probate court were fatally defective. An order may be entered releasing Evelyn Aslanian, without prejudice to any further proceedings.

Carr, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.