### In re BETZLER.

1. INSANE PERSONS—STATUTES—INQUEST—EVIDENCE.

Where it appears on writ of habeas corpus that no sworn testimony or proofs were taken or inquest held by the judge of probate in proceeding for commitment of a person to an institution for the mentally diseased and records of the probate court support such claim, the proceeding was a nullity since the controlling statute had not been complied with (CL 1948, § 330.21).

2. COURTS—PROBATE JUDGE—INQUIRY INTO OFFICIAL CONDUCT—HABEAS CORPUS.

A habeas corpus proceeding to obtain the release of one illegally committed to an institution for the mentally diseased is not a proper proceeding to inquire into the conduct of the judge of probate in other matters connected with the judge's official conduct.

Habeas corpus by Catherine Betzler with certiorari to Menominee Probate Judge to obtain her release from custody of Joseph Betzler to whom she was paroled by Newberry State Hospital. Submitted September 8, 1949. (Calendar No. 44,499.) Petitioner released October 13, 1949.

*Michael J. Anuta,* for petitioner.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Insane and Other Incompetent Persons, §§ 32, 38, 41.
[2] 25 Am Jur, Habeas Corpus, § 149.

Sharpe, C. J.  On petition of Catherine Betzler, by her attorney, we issued a writ of habeas corpus to inquire into the cause of her detention in the Newberry State Hospital.  The petition alleges that Catherine Betzler is a resident of the township of Ingallston, county of Menominee, State of Michigan; that she is restrained of her liberty by Joseph Betzler, her father, into whose custody she was paroled by Dr. E. H. Campbell, superintendent of Newberry State Hospital; that Catherine Betzler is not committed, detained, confined or restrained of her liberty by virtue of any process authorized by the statutes of the State of Michigan, but is detained by virtue of proceedings taken before the probate judge of Menominee county for the commitment of Catherine Betzler to a State mental institution as a mentally diseased person.

It appears that Catherine Betzler was born on a farm in 1913, attended a rural school, passed into but did not finish the eighth grade and quit school at the age of 13 years.  She worked on her father's farm and for a short period attended a convent.  On December 2, 1947, Edward J. Reindl, sheriff of Menominee county, signed a petition to have Catherine Betzler committed to an institution for the mentally diseased, in which it is stated that she "Has religious complex—fights with father—threatening him with knife—writes irresponsible letters."

Upon the filing of the petition, the judge of probate issued an order for service on Catherine Betzler and others for hearing on said petition at the office of the judge of probate on December 4, 1947, at 11 a. m.

On the hearing date, Dr. Henry T. Sethney certified that Catherine Betzler was mentally diseased, basing his opinion upon the following: "Extremely religious, very temperamental.  Maniac type Psychosis.  Destructive in house."  Dr. John T. Kaye

also certified: "Extreme religious type. Delusions of persecution. Fits of temper. Mania depressive type."

It is claimed in the petition for habeas corpus that no sworn testimony or proofs were taken or inquest held by the judge of probate. The records in the probate court support this claim.

CL 1948, § 330.21 (Stat Ann 1947 Cum Supp § 14.-811), provides that:

"The court shall also institute an inquest, and take proofs, as to the alleged insanity, feeble-mindedness, or epilepsy of such person, and fully investigate the facts before making such order."

Failure to institute an inquest as provided by statute makes the commitment a nullity. See *In re Davis,* 277 Mich 88. The proceedings in the probate court were fatally defective. An order may be entered releasing the petitioner.

We have been invited to inquire into the conduct of the judge of probate in other matters connected with her official conduct. We decline the invitation. If there are abuses that should be corrected, they should be presented in a proper proceeding.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.