## *In re* ROTHMAN.

INSANE PERSONS—COMMITMENT—EVIDENCE.
> Order of commitment of habeas corpus petitioner as an insane person *held*, a nullity, where inquest held on her sanity was neither complete nor satisfactory and commitment ordered upon unsubstantiated and insufficient facts.

Habeas corpus by Olive A. Rothman with accompanying certiorari to test the legality of her detention in Kalamazoo State Hospital. Submitted February 25, 1953. (Calendar No. 45,768.) Petitioner released April 14, 1953.

---

REFERENCES FOR POINTS IN HEADNOTES
25 Am Jur, Habeas Corpus § 84; 28 Am Jur, Insane and Other Incompetent Persons §§ 38, 41.

*J. B. Munsell, Jr.,* for petitioner.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Paul C. Younger,* Prosecuting Attorney, for the people.

BUSHNELL, J. We issued our writ of habeas corpus and ancillary writ of certiorari to inquire into the cause and circumstances resulting in the detention and commitment of petitioner Olive A. Rothman, who is described in the record as a mentally-ill person.

The allegations of the undated petition of her husband, which was sworn to on July 9, 1951, are as follows:

"The patient assumes extreme chronic dislike for certain persons or for events that have happened for extended periods of time, *Eg.,* she became extremely upset over the firing of MacArthur, waking her 12-year-old girl in the middle of the night and requiring her to listen to the radio. For a period of 3 days or more, the firing kept her undivided attention. Regardless of the course events take, the patient feels she is being mistreated. If people come to see her or say 'hello,' she expresses dissatisfaction and says that she wishes they would stay away, or mind their own business. If people do not come to see her or do not say 'hello' she becomes upset because they are not more friendly. She has withdrawn herself from her friends and insists that her husband and child do the same. She now refuses to go to Sunday School, because of dislike of the superintendent of the school. She has told her daughter that activities are just a way to do something without getting anything for it. She has required petitioner to give up activities as an officer in the church."

The record contains a resumé of an inquest conducted on a date not stated but marked "filed July 21," which reads:

"James K. Rothman was present and upon being duly sworn testified upon the matters contained in the petition, affirming the allegations therein contained. The certificate of the physicians appointed were read and discussed. Mr. Rothman further testified that at the time Olive A. Rothman was taken to the jail pursuant to an order entered herein she stated that she would go to Kalamazoo State Hospital, stay as long as she could and run up as large a bill as possible. She also at that time urged her minor daughter to hate her father, according to Mr. Rothman's testimony. Private pay patient. Sheriff to convey."

The order of the probate court does not show that Mrs. Rothman was determined to be an insane person, and we cannot accept the statement that she was determined to be a mentally-ill person "after a full investigation of said matter." The inquest is neither complete nor satisfactory. It appears that Mrs. Rothman was committed to the Kalamazoo State Hospital upon unsubstantiated and insufficient facts. This practice has been condemned in a number of cases, among which are: *In re O'Neil,* 239 Mich 450; *In re Clifford,* 303 Mich 84; *In re Buck,* 308 Mich 634; *In re Roberts,* 310 Mich 560; *In re Haines,* 315 Mich 657; and *In re Aslanian,* 318 Mich 55.

The order of the commitment is a nullity. An order may be entered releasing the petitioner.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.