See, also, 224 F.2d 275, affirming the order of the District Court, Lester L. Cecil, District Judge, denying writ of habeas corpus, and 350 U.S. 949, 76 S.Ct. 324, denying certiorari.

---

**Donald BOWMAN, Petitioner,**

v.

**R. W. ALVIS, Warden, Ohio State Penitentiary, Respondent.**

**No. 12442.**

United States Court of Appeals Sixth Circuit.

Feb. 4, 1955.

James G. Andrews, Jr., Cincinnati, Ohio (appointed by the Court), for petitioner.

C. William O'Neill, Atty. Gen. of Ohio, for respondent.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

The petitioner was tried, convicted, and sentenced in the court of common pleas of Richland County, Ohio, on the 10th day of June, 1948. After the filing of many petitions in the district court of the United States for the southern district of Ohio for writs of habeas corpus, which were denied, and for leave to appeal in this court, which was also denied on the ground that he had not exhausted his State remedies, he has now as of December 16, 1954, filed a petition to appeal from an order of the Honorable Lester L. Cecil, United States District Judge for the said district,

which was returned to him by an order of the court because it failed to show that the petitioner had exhausted his State remedies and because no certificate of probable cause had been issued by the said District Judge.

The petitioner now, by supplemental petition, urges that he was unable to pursue his remedies in the State court because as a pauper he was unable to prepay the costs required by the Rules of Practice of the Ohio Supreme Court, Nos. VII and XVII appearing in 157 Ohio State. His supplemental petition, therefore, presents a question as to whether Ohio provides an effective remedy for the review of State judgments in circumstances here presented.

In our order of December 16, 1954 we directed that the several petitions now lodged with the court may be filed, that the petitioner may proceed in forma pauperis, and that the clerk be directed to secure counsel for said petitioner, who may intelligently present his grievances to this court, directed to the question whether the state of Ohio makes available adequate remedies for the review of judgment, and whether there is adequate ground for the issue by this court of a certificate of probable cause to appeal.

Such counsel was appointed and has now presented a Memorandum which fairly indicates that there is no provision in the Rules of Practice of the Ohio Supreme Court for an indigent prisoner to file an appeal to such court without paying the docket fee and the costs of the action, and that a pauper's affidavit addressed to that court is not acceptable. It is, therefore, the view of this court that the Ohio Supreme Court does not provide an adequate remedy for the prosecution of an appeal from the State courts of Ohio and its failure so to provide gives the District Court of the United States jurisdiction to entertain a writ for habeas corpus and that upon its denial there is sufficient probable cause for an appeal therefrom. Therefore, we hereby grant to the petitioner a certificate of probable cause to appeal and the clerk of this court is directed to obtain counsel for the petitioner to prosecute such appeal and, when perfected, such appeal will be placed upon the hearing docket of this court at a convenient date.

It is so ordered.