Thresa **WILLIAMS** and Jennie L. Richards, Appellants,

v.

John **DALTON**, Wallace Waalkes, Jr., Dr. Roy A. Morter and Dr. Clarence E. Schrier, Appellees.

No. 12443.

United States Court of Appeals
Sixth Circuit.

April 2, 1956.

Edward James Kenney, Jr., Benton Harbor, Mich., for appellants.

Edmund E. Shepherd, Lansing, Mich., Thomas M. Kavanagh, Carson City, Mich., Daniel J. O'Hara, Lansing, Mich., on brief, for appellees.

Before ALLEN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This appeal is from the district court's dismissal of an action for declaratory and injunctive relief under the Civil Rights Act, 42 U.S.C.A. § 1983. The complaint alleged that appellant Richards had in 1947 been committed by a Michigan probate court to the Kalamazoo, Michigan, State Hospital and since detained there without having been afforded an adequate hearing in contravention of her rights under the Fourteenth Amendment and the statutes of Michigan. Two state probate judges (appellees Dalton and Waalkes), neither of whom had originally committed appellant, and two Kalamazoo State Hospital officials (appellees Morter and Schrier) were named as defendants. The complaint sought a declaration that appellant Richards' commitment was void, prayed that the appellee judges be directed to vacate the order committing her, and that the appellee hospital officials be directed to discharge her, remove her name from the register, advise her of her opportunity to live in appellant Williams' home, and advise appellant Williams of the time and place of her release.

In dismissing the complaint, the district court concluded that the action for a declaratory judgment was filed "for the purpose of evading the rule applicable to habeas corpus actions, which requires an exhaustion of state remedies before any jurisdiction is conferred upon a Federal court," and held that it should decline to entertain an action for declaratory relief where doubt existed as to its jurisdiction and where the State of Michigan clearly provided a forum to test the legality of Richards' commitment in a habeas corpus proceeding. The court relied upon Public Service Commission of Utah v. Wycoff Company, Inc., 1952, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 and Williams v. Virginia Mili-

tary Institute, 1952, 91 U.S.App.D.C. 206, 198 F.2d 980, in reaching this conclusion.

Appellants deny that Michigan provides an adequate remedy and further argue that they are entitled to the relief requested regardless of the existence of such a remedy.

The Michigan legislature has established a clearly delineated remedy of habeas corpus for one improperly committed as an insane person. Sections 27.-2250 et seq., Mich.Stat.Anno., Comp. Laws 1948, § 637.7 et seq. Appellants assert, however, that applications for writs of habeas corpus for release from mental institutions are given undeservedly short shrift by the Michigan courts, especially where briefs are not printed at what amounts to prohibitive cost. No rule of court or reported decision is pointed to by appellants in support of this assertion. Cf. Bowman v. Alvis, 6 Cir., 229 F.2d 730.

■ The Michigan decisions, on the other hand, support the conclusion that meritorious cases are given full consideration by the Michigan Supreme Court. Thus, that court has held commitments to mental institutions void where the person committed was improperly prevented from attending the hearing, In re Fuller, 1952, 334 Mich. 566, 55 N.W.2d 96; In re Roberts, 1945, 310 Mich. 560, 17 N.W.2d 752, where the evidence "did not in any reasonable sense tend to prove insanity", In re Haines, 1946, 315 Mich. 657, 24 N.W.2d 526, 527; In re Gordon, 1942, 301 Mich. 224, 3 N.W.2d 253, and in a variety of other situations where statutory provisions or standards of fairness were found to have been violated. See In re Clifford, 1942, 303 Mich. 84, 5 N.W. 2d 575; In re Miller, 1942, 303 Mich. 81, 5 N.W.2d 575; In re Sawyer, 1945, 311 Mich. 602, 19 N.W.2d 113; In re Payette, 1946, 315 Mich. 700, 24 N.W.2d 427; In re Aslanian, 1947, 318 Mich. 55, 27 N.W.2d 343; In re Betzler, 1949, 326 Mich. 105, 39 N.W.2d 251; In re Fidrych,

1951, 331 Mich. 485, 50 N.W.2d 303. These decisions make it clear that habeas corpus is appropriate and adequate in Michigan to attack a commitment to a mental institution which is in violation of the due process clause of the Federal Constitution, particularly so in a case like the present one, where the claimed denial of due process consists solely of alleged violations of Michigan statutes relating to probate procedure.[1]

From what has been said it is plain that had the appellant Richards sought a writ of habeas corpus in the federal court, her application would have been properly dismissed by reason of her failure to exhaust available state remedies. 28 U.S.C.A. § 2254.

■■ This was not an application for a writ of habeas corpus, however, but an action under the Civil Rights Act. That statute provides for "an action at law, suit in equity, or other proper proceedings for redress." 42 U.S.C.A. § 1983. The district courts are given express jurisdiction over such actions by 28 U.S. C.A. § 1343. It is well settled, however, that accepted principles governing equitable and declaratory relief are no less applicable where such relief is sought under the Civil Rights Act. Giles v. Harris, 1903, 189 U.S. 475, 486, 23 S.Ct. 639, 47 L.Ed. 909; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. Federal courts have been chary of granting declaratory or equitable relief in an area of possible friction between federal and state jurisdictions. See, for example, Public Service Commission v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Railroad Commission of Texas v. Pullman Co., 1951, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138.

■ In Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, the existence of a well-defined Congressional policy was viewed as a compelling reason to refuse equitable re-

1. The statutes here alleged to have been violated are Mich.Stat.Anno. Sections 14.809 through 14.812, Comp.Laws 1948, §§ 330.19 to 330.22.

lief in a case coming within the scope of that policy although not specifically covered by any statute. In that case the Congressional policy in question was the confinement of federal review of state criminal prosecutions to the United States Supreme Court. Here in a related segment of federal-state conflict, Congress has clearly expressed the policy that persons confined pursuant to a judgment of a state court shall first utilize available state corrective processes before resorting to a federal court to review the validity of the judgment. The statute evincing that policy, 28 U.S.C.A. § 2254, does not by its terms apply to this case; the policy itself does.

■ Appellants rely on a number of cases where an action at law under the Civil Rights Act was maintained in spite of concomitant state remedies. Lane v. Wilson, 1939, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281, is such a case. But the principles of self-restraint applied in equity and declaratory judgment cases do not apply with equal force to actions for damages. See Stefanelli v. Minard, 342 U.S. 117, at page 122, 72 S.Ct. 118, 96 L.Ed. 138. Bruce v. Stilwell, 5 Cir., 1953, 206 F.2d 554, an equity case said by appellants to show that their rights under the Civil Rights Act "may not be impeded by any requirement of exhausting state remedies," actually held that the state provided no comparable remedy. Indeed, the court there said "if such remedies were prescribed by state law there can be no doubt but that plaintiffs would be obliged to exhaust those remedies before seeking a declaratory decree or the extraordinary relief of a court of equity." 206 F.2d at page 556. Township of Hillsborough v. Cromwell, 1946, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358, similarly turned on a determination that the state court remedy was so uncertain as to be inadequate.

■ For the reasons expressed, we are of the view that the district court properly dismissed the complaint. We therefore find it unnecessary here to consider other questions presented on this appeal, specifically questions raised by

the identity of the persons named as defendants. We note only that none of the appellees was charged with having participated in the allegedly illegal commitment of the appellant Richards in 1947, and that two of the appellees are judges. The obstacles in the appellant's path implicit in these facts would obviously be formidable.

The judgment of the district court is affirmed.