**Clay SIMS, Petitioner,**

v.

**R. W. ALVIS, Warden, Respondent.**

United States Court of Appeals
Sixth Circuit.

March 29, 1957.

---

1. Except when the seller himself is the purchaser at public sale. Mich.Stat.Ann. § 19.415(5).

Before STEWART, Circuit Judge.

STEWART, Circuit Judge.

Petitioner is confined in the Ohio State Penitentiary under a sentence of life imprisonment. He filed a petition for a writ of habeas corpus in the district court, alleging, among other things, that he had been denied the aid of counsel by the Ohio Court of Common Pleas, and had been coerced into signing a confession, and pleading guilty to first degree mur-

der. These allegations, standing alone, raise substantial issues under the Fourteenth Amendment of the United States Constitution. Hawk v. Olson, 1945, 326 U.S. 271, 276, 66 S.Ct. 116, 90 L.Ed. 61; Brown v. Allen, 1953, 344 U.S. 443, 475, 73 S.Ct. 397, 97 L.Ed. 469. The district court denied the petition with the bare finding, "that it does not appear from the petition, briefs and affidavits, that petitioner has exhausted the remedies available to him in the courts of the State of Ohio."

The petitioner has now filed with the undersigned Circuit Judge a document which he calls a "Petition for a Writ of Mandamus," together with a motion to proceed in forma pauperis. The latter motion is hereby granted. The document labelled "Petition for a Writ of Mandamus" is in substance an original application for a writ of habeas corpus, and it will be so considered.

It does not clearly appear from the documents filed by the petitioner that he has failed to exhaust his state remedies. The fact that petitioner did not take a direct appeal from the judgment of conviction would not preclude the granting of a writ of habeas corpus by a federal court, if the petitioner has exhausted an alternative remedy provided by Ohio to test the constitutionality of his imprisonment. Brown v. Allen, 1953, 344 U.S. 443, 448, 486, 73 S.Ct. 397; Cranor v. Gonzales, 9 Cir., 1955, 226 F.2d 83, 94. The writ of habeas corpus appears to be available in the courts of the State of Ohio to correct the denial of fundamental Constitutional rights as contrasted with mere irregularities or errors of law. Compare McConnaughy v. Alvis, 165 Ohio St. 102, 133 N.E.2d 133, with In re Motz, 100 Ohio App. 296, 136 N.E.2d 430. Petitioner seems to allege that he sought a writ of habeas corpus in the Ohio Court of Common Pleas and unsuccessfully appealed its denial to the Ohio Court of Appeals. If he was without funds, he could apparently go no further in the courts of Ohio. See Bowman v. Alvis, 6 Cir., 1955, 229 F. 2d 730. Under these circumstances it might be determined that failure to peti-

508

tion for *certiorari* was not fatal. Ex parte Hawk, 1944, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

■ Section 2241(b) of Title 28 U.S. C.A., provides that a circuit judge "may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." It appears appropriate to take that course here. The present application for a writ of habeas corpus is hereby transferred to the United States District Court for the Southern District of Ohio, Eastern Division, for reexamination and specific findings upon the question of whether petitioner has exhausted the remedies available to him in the courts of the State of Ohio. If such reexamination reveals that petitioner has exhausted his state remedies, the district court will, of course, make a careful factual inquiry and determination of the Constitutional issues raised by the petitioner.